## SEA INSURANCE COMPANY *v*. FULK.

### Opinion delivered May 20, 1912.

MANDAMUS—COMPELLING JUDGE TO SIGN BILL OF EXCEPTIONS.—Mandamus is the proper remedy to compel the circuit judge to sign a bill of exceptions, but not to require him to insert any particular matter in the bill.

Appeal from Pulaski Circuit Court; *F. Guy Fulk*, Judge; mandamus denied.

*Watkins & Vinson*, for petitioner.

1. This court only reviews errors of law, having appellate jurisdiction only. Rule 15 of this court prescribes the manner of preparing bills of exception.

2. Where the action of the court is purely a matter of record, no bill is necessary. 66 Ark. 80. But questions as to the admission of evidence, exceptions, etc., *must* be incorporated in a bill of exceptions. 25 Ark. 380; 74 *Id*. 286.

3. Motions and actions of the court thereon are no part of the record proper, and must be made such by bill of exceptions. 9 Ark. 133; 43 Ohio St. 16.

*Mehaffy, Reid & Mehaffy*, for respondent.

PER CURIAM. The petitioner seeks a mandamus against the Honorable Guy Fulk, judge of the circuit court of Pulaski County, to require him to sign a bill of exceptions in a case in which it was plaintiff and St. Louis, Iron Mountain & Southern Railway Company was defendant, and in which an adverse judgment was rendered against it. It alleges in the petition that it seeks to appeal solely on the alleged error of the trial judge in the ruling as to the manner of selecting the jury, and that no other exception was saved by either side. It is further alleged that the trial judge refused to sign the bill of exceptions unless all of the evidence taken at the trial on the merits of the case should be incorporated therein, this being at the request of the defendant, who is the appellee.

In other words, the plaintiff insisted upon the circuit judge signing a bill of exceptions containing the single exception as to the manner of selecting the jury, and the circuit judge, at the suggestion of the appellee, required that the testimony be incorporated in it.   In the recent case of *Springfield* v. *Fulk*, 96 Ark. 316, this court said:

"It seems to be settled that mandamus is the proper remedy to compel the signing of a bill of exceptions—not to require the trial judge to insert any particular matter in the bill, but to sign a bill of exceptions which he approves as being correct." This is in accord with the general proposition, which is well established, that mandamus will not lie to control the discretion of a court or judge or other functionary, but will only be granted to compel him to act where he refuses to do so. The statute provides how bills of exception may be brought up on the record, either by the certificate of the trial judge or by the certificate of bystanders.   The appellate court is not authorized to assist in making up the bill of exceptions, further than to require the trial judge to act.   It should not attempt to dictate to the trial judge what he shall or shall not incorporate in the record.   If the undisputed evidence showed that the judgment was right, then an error in the manner of selecting the jury could not have been prejudicial, and it was important to incorporate the evidence in the bill of exceptions, so that this court, in reviewing the case, could determine whether there was error and, if so, whether it was prejudicial.   *Wernimont* v. *State*, 101 Ark. 210.   It is said in the argument that the court refused to give a peremptory instruction, as requested by defendant; but the question of the legal sufficiency of evidence is one of law, and it is necessary to have the testimony in the record, so that this court may pass upon its legal sufficiency in determining whether or not the judgment of the circuit court was correct, notwithstanding the alleged error in the selection of the jury.   This court does not sit for the purpose of reviewing errors which are not prejudicial, and it is proper for the trial judge to incorporate in the bill of exceptions all matters relating to the trial which tend to show whether the alleged errors set forth in the motion for new trial might or might not have been

prejudicial. The petition is therefore dismissed, and the writ of mandamus denied.