MISSOURI & NORTH ARKANSAS RAILROAD COMPANY v. REED.

Opinion delivered November 24, 1913.

1. MANDAMUS—TO COMPEL CIRCUIT JUDGE TO SIGN BILL OF EXCEPTIONS.—Act 223, page 961, Acts of 1913, providing for the appointment of a court stenographer for the Fourteenth Judicial District, held not to provide that a bill of exceptions will not be considered by the court unless prepared by the official stenographer, and the court will be compelled by mandamus to examine, and sign, if found correct, a bill of exceptions prepared by a private stenographer of one of the litigants. (Page 300.)

2. BILL OF EXCEPTIONS—FAILURE TO FILE ON TIME—ACTION OF COURT.—A party will not be prejudiced by failure to file a bill of exceptions on time, when the delay is due to the action of the trial judge, who refuses to sign the same until compelled to do so by mandamus. (Page 300.)

Petition for mandamus, Boone Circuit Court; *George W. Reed*, Judge; writ of mandamus awarded.

STATEMENT BY THE COURT.

The petitioner seeks a mandamus against the Hon. George W. Reed, judge of the circuit court of Boone County, to require him to sign a bill of exceptions in a case in which it was defendant, and H. R. Magness and James Mallard, partners, doing business under the firm name of Magness & Mallard, plaintiffs, and in which an adverse judgment was rendered against it, and from which an appeal was prayed and granted.

The controversy arose over the approval of the bill

of exceptions. Within the time allowed by the court, petitioner presented to respondent a bill of exceptions, which it claimed was a correct report of the trial. Respondent declined to examine or approve it, and says in his response that he declined to examine for the purpose of approving the bill of exceptions tendered him for the reason that it was not prepared by the official stenographer of that court, and he says that he is in duty bound to examine and approve only those bills of exceptions prepared by the official stenographer.

The General Assembly passed an act which was approved March 29, 1913, Act 223, page 961, entitled, "An Act to provide to appoint an official court stenographer for the Fourteenth Judicial District of Arkansas" (which includes Boone County), and the portions of this act which are necessary to be considered are contained in sections 2, 3 and 4, which are as follows:

"Section 2. It shall be the duty of said court stenographer, when required by the presiding judge, to make a stenographic report of all proceedings of said court, which shall be required by law to be made a matter of record in the proceedings of said court and that are not already a matter of record therein."

"Section 3. It shall be the duty of said stenographer to transcribe into longhand from said stenographic report duplicate copies of all matters or proceedings so taken, as aforesaid, by him, and file the same with the clerk of said court, when so required under the provisions of this act, one of which such copies shall be preserved by said clerk as a record of his office in said proceedings, and the other of which may be used as a portion of a transcript on appeal to the Supreme Court, as though prepared by the clerk from the original; provided, that in no event shall said stenographer be required to transcribe and file said duplicate copies from his stenographic notes until the party requesting the same shall have deposited with the clerk of the court a sum sufficient, as determined by the presiding judge, to pay for said transcript, at the rate of fifteen cents per one hundred words

of the original in all civil and misdemeanor cases; provided, further, that this requirement shall not be made of a pauper after due proof of such pauperism.''

"Section 4. There shall be assessed by the court and collected by the sheriff in cash the sum of not less than three dollars nor more than twenty-five dollars in cash in each case tried and reported in said circuit court, which shall be taxed and collected as other costs.''

Under the provisions of this act the respondent had appointed one J. A. Philbrick as official stenographer, and he served in that capacity in the trial of the case below, and reported the case in shorthand under the directions of the court. · After the trial respondent made and entered of record an order under said act requiring petitioner to deposit fifteen dollars, the estimated cost, of the transcript of the official report of such case. Petitioner did not deposit this sum as required by the order of the court, nor did he call upon the official stenographer for a transcript of his notes as required by section 3, but, upon the contrary, presented a bill of exceptions made by its private stenographer from a stenographic report of the trial.

*W. B. Smith, Troy Pace* and *H. M. Trieber,* for petitioner.

*Gus Seawel,* for respondent.

SMITH, J., (after stating the facts). It will be seen that section 2 of this act provides that the presiding judge may order the official stenographer to make a stenographic report of any proceedings in the court not already a matter of record therein. And section 3 provides for the making of a bill of exceptions and a transcript on appeal by this stenographer, and the payment of his fees therefor. Section 4 authorizes the presiding judge to assess a fee in each case tried and reported by the official stenographer in his court to be taxed and collected as other costs. This fee provided for in section 4 is assessed like other costs against the unsuccessful liti-

gant and paid as costs of the trial, whether an appeal
was taken or not, or any transcript of the evidence was
ever made or not.

Respondent says the writ prayed for should not be
awarded for the reason, first, that he has not declined to
approve a bill of exceptions, and because section 3 pro-
vides the exclusive method for the preparation of bills
of exceptions, and under the terms of the act he can
only consider a bill of exceptions made in conformity
with its requirements.   It is conceded that mandamus
is the proper remedy to compel the circuit judge to sign
a bill of exceptions, and it has been so expressly decided
in the case. of *Sea Insurance Co.* v. *Fulk,* 103 Ark. 503.
But respondent says that the case last cited is authority
for his position that this court will not control his dis-
cretion, and that he has not declined to approve a bill of
exceptions, but has only declined to approve one not
made in conformity with section 3 of the act above re-
ferred to.

We think the act in question has not undertaken to
provide an exclusive method for the preparation and
approval of bills of exceptions.   If this was so, the pro-
visions of the statute in regard to bystander's bills of
exception would be repealed and inoperative in the Four-
teenth Judicial Circuit.   But there is nothing in the act
which would indicate that petitioner might not resort to
that method of making a bill of exceptions if it conceived
the one made by the official stenographer was not correct,
and the court had declined to approve any other or to
change the one prepared by the official reporter.   The
presiding judge must determine the correctness of the
bill of exceptions, and he can not delegate that duty to
the stenographer who reported the case.   The act in
question gives the presiding judge the authority to order
any case reported by the official stenographer and allows
him to assess as costs of the case a fee for this service,
of not less than three dollars nor more than twenty-five
dollars, to be paid as other costs in the case.   But the act
does not provide that a bill of exception shall not be con-

sidered by the court unless prepared by the official stenographer. The court is therefore in duty bound to examine the bill of exceptions presented by petitioner and approve same, if found correct, or to make such changes or additions as are necessary to make it correct.

The writ of mandamus will therefore be awarded notwithstanding the fact that the time originally given for its filing has expired, because respondent is responsible for the delay. *Springfield* v. *Fulk,* 96 Ark. 316.