STATE *use, etc. v.* LEATHERWOOD.

Opinion delivered February. 12, 1917.

APPEAL AND ERROR—FAILURE TO PRESERVE ORAL TESTIMONY IN CHANCERY TRIAL.—Where, in a trial in chancery, the cause is heard, in whole or in part, upon either depositions or oral testimony or both, the cause will not be reversed upon appeal, where any of said testimony is not properly brought up, and this rule obtains even though there is a certificate of the chancellor as to what the last or missing depositions contained, and even though the oral testimony is contained in the transcript, but is not duly authenticated as the testimony that was heard by the trial court.

Appeal from Poinsett Chancery Court; *E. D. Robertson*, Chancellor; affirmed.

*H. P. Maddox*, for appellant.

Contends that the sales were fraudulent and void, citing many authorities, but as the court does not go into the merits of the controversy, it is useless to state the points and authorities cited in the able and elaborate briefs of counsel.

*Connett & Currie, Lamb, Turney & Sloan* and *W. W. Hughes*, for appellees.

1. This cause was heard upon the pleadings, depositions and *oral* evidence. The oral evidence is not in the record. This court will presume that the evidence sustains the decree. 87 Ark. 232; 90 *Id.* 214; 95 *Id.* 379; 83 *Id.* 424; 80 *Id.* 579; 109 *Id.* 1; 38 *Id.* 477; 84 *Id.* 100.

2. Argue the merits citing many authorities.

WOOD, J. The appellant, State of Arkansas, by its Attorney General, for the use and benefit of Bay Village and other Special School Districts instituted this suit against the appellees to set aside the sale of section 16, township 10 north, range 5 east, and section 16, township 11 north, range 5 east. The cases were almost identical and were consolidated under the statute for trial.

The complaints alleged in substance, that J. A. Bradsher, J. R. Wigginton, N. J. Hazel, W. M. Hazel, L. C. Going and Benjamin Harris entered into a conspiracy to defraud the appellant of the lands, and that through various acts of fraud, which are set forth specifically in the complaints, the sales were made by the collector of Poinsett county, contrary to the statutes in such cases made and provided, and that through fraud perpetrated upon the county court by a concealment of the real facts from the court these sales were confirmed; that deeds were made to the immediate purchasers by the Commissioner of State Lands, and that these purchasers sold to the others of the appellees, who, it is alleged, had notice of the fraud perpetrated.

The appellant prayed that the sales of the lands be set aside; that all the deeds made as a result of and

growing out of the sales be set aside and cancelled as clouds on appellant's title. There was an alternative prayer that in the event the land could not be recovered from those having immediate possession thereof and judgment for damages rendered against them, that appellant have judgment against appellees, J. R. Wigginton, N. J. Hazel, M. W. Hazel, J. A. Bradsher, L. C. Going and Ben'j. Harris for damages by reason of their alleged fraudulent acts resulting to appellant, in both cases, in the aggregate sum of $36,440.

The allegations of fraud were specifically denied, and it was set up in defense that all the requirements of the statute in regard to the sale of sixteenth section lands were fulfilled, and if not, that none of these irregularities were frauds that vitiated the sales, and that all of the alleged irregularities were cured by the act of the Legislature approved May 25, 1911. Acts 1911, No. 274, p. 267.

Certain of the appellees who were the last purchasers and in possession of the land set up that they purchased the same without any notice of the alleged frauds, and for a valuable consideration, and that they were therefore innocent purchasers.

The court found that there was "no equity in plaintiff's complaint, and that same should be dismissed for want of equity," and entered a decree to that effect, and quieting title in the appellees E. A. Morse and the Poinsett Lumber & Manufacturing Company to the lands respectively purchased by them.

The decree, among other things, recites that the causes were submitted upon the pleadings, the depositions of witnesses (naming them) "and the oral evidence of Gordon Frierson taken in open court." The oral testimony of Gordon Frierson has not been brought into the record by any of the established methods of preserving for this court the oral testimony that was heard at the trial.

Chancery causes in this court are heard *de novo*, but upon the same record that was before the trial court. It is the uniform practice of this court, established by

a long line of its decisions, that where a cause is heard upon written and oral testimony, as shown by the record, not to reverse the decision of the trial court in chancery upon an issue of fact unless all of the testimony that was heard by the chancery court has been brought into the record on appeal. Where the recitals of the decree show that the cause was heard upon depositions and oral testimony, if any of the depositions are omitted or any of the oral testimony that was heard by the trial judge is not duly authenticated and brought into the record by the familiar methods for bringing such testimony before this court, it will be presumed that the missing evidence sustains the decree.

In one of the most recent cases upon the subject, we said: "The issues in the case could not have been determined except upon a consideration of all the testimony in the case; and whether or not the chancery court erred in its findings and decree can only be determined by a consideration of all of the evidence. Since some of the testimony that was before the chancellor has not been brought into this record, we must assume that every question of fact essential under the pleadings to sustain the decree was established by the absent evidence." *Bradley Lumber Co.* v. *Hamilton*, 109 Ark. 1, 4, and cases there cited.

The rule obtains even though there is a certificate of the chancellor as to what the lost or missing deposition contained, and even though the oral testimony is contained in the transcript, but not duly authenticated as the testimony that was heard by the trial court. *Bradley Lumber Co.* v. *Hamilton*, 109 Ark. 1-4.

The decree of the court is therefore affirmed.