WEAVER-DOWDY COMPANY *v.* BREWER.

Opinion delivered May 14, 1917.

APPEAL AND ERROR—EQUITY APPEAL—FAILURE TO INCORPORATE ALL THE
TESTIMONY IN THE TRANSCRIPT.—In the transcript in an appeal in
equity the clerk recited that all the evidence heard therein was set
forth. The decree of the court recited that certain other oral evidence
was heard. *Held,* the recitals in the decree would control, and that
the decree would be affirmed, on the ground that where all the evi-
dence is not preserved, the decree will be affirmed.

Appeal from Independence Chancery Court; *George
T. Humphries,* Chancellor; affirmed.

*McCaleb, Reeder & McCaleb* and *Samuel M. Casey,*
for appellant.

1. Kirby's Digest, § 853, is decisive of this case, and
calls for a reversal of so much of the decree as holds that
the lien of appellant is subordinate to that of appellee.
60 Ark. 198; 66 *Id.* 327; 68 *Id.* 235; 109 *Id.* 160; 123 *Id.*
403, 406.

*Campbell & Suits* and *Chas. F. Cole,* for appellee.

1. There is nothing properly before this court. The
decree recites that the case was decided upon certain dep-
ositions and oral testimony, etc. None of these appear
in the transcript except the purported oral testimony of
M. C. Weaver. Where the record does not contain all
the evidence it is presumed on appeal that there was evi-
dence to sustain the decree. 100 Ark. 589; 109 *Id.* 1.
See also 83 Ark. 424; 84 *Id.* 597; *Ib.* 100, 108; 87 *Id.* 206,
210; 109 *Id.* 13 .

2. The decree and judgment are correct. 110 Fed.
830; 118 *Id.* 390; 56 C. C. A. 174; 20 L. R. A. 600; 4
Thompson on Corp., § 4011; 2 *Id.,* § 1673.

*McCaleb, Reeder & McCaleb* and *Samuel M. Casey,*
for appellant, in reply.

All the evidence relating to the issues now before the
court is in the transcript. 115 Ark. 483; 108 *Id.* 531;
Rule 17 of this court. The certificate of the clerk shows

that it contains all the evidence, etc., relating to this cause.

HUMPHREYS, J.    Appellee instituted suit against M. C. Weaver and appellant on July 27, 1916, praying judgment against M. C. Weaver on a note for $4,000 and interest, and a decree for foreclosure of two certificates of stock, Nos. 40 and 41, in the Weaver-Dowdy Company, which had been transferred by M. C. Weaver to appellee as collateral security for the payment of said note.    Appellant was made a party defendant for the purpose of requiring it, after foreclosure sale, to transfer the certificates of stock upon its books to the purchaser at said sale.

Omitting caption and signature, appellant filed the following answer: "The defendant, Weaver-Dowdy Company, for its separate answer to plaintiff's complaint says that the defendant, M. C. Weaver, is indebted to it in the sum of four thousand dollars, and was so indebted at the time of the institution of the suit of plaintiff herein.    That it has no interest in the controversy between plaintiff and defendant M. C. Weaver, but does hereby claim its lien as given it by the statutes of this State for said sum so owing to it by M. C. Weaver in preference to and prior to any rights of the plaintiff and asks that said lien be so declared."

Omitting caption and signature, appellee filed the following reply to the answer of Weaver-Dowdy Company: "Comes the plaintiff and shows to the court that the Weaver-Dowdy Company had full knowledge of the lien held by the plaintiff before it contracted any indebtedness of defendant M. C. Weaver.    Plaintiff further shows that the debt herein sued for is for the purchase of said stock and said defendant, Weaver-Dowdy Company, had at all times full knowledge thereof.    Plaintiff denies that said M C. Weaver is indebted to the Weaver-Dowdy Company in the sum set forth in its answer, or in any other sum.    Wherefore the plaintiff prays that his lien be adjudged prior and superior to any alleged lien of said

Weaver-Dowdy Company, together with all other relief to which he is entitled."

The cause was heard by the chancellor upon the pleadings, exhibits thereto, the depositions of F. W. Brewer, and M. C. Weaver, and the oral testimony taken in open court of M. C. Weaver, F. W. Brewer, John Q. Wolf, Eli Halfacre and Frank Handford, upon which he rendered judgment against M. C. Weaver in favor of appellee for $4,489.06, and declared a lien upon said 160 shares of capital stock of the Weaver-Dowdy Company; and ordered same sold to liquidate said judgment. The chancellor further found that appellee's lien was prior and superior to the lien claimed by appellant herein.

From this decree appellant has lodged an appeal in this court.

At the threshold, appellant is met with the contention on the part of appellee that all the evidence heard by the chancellor is not incorporated in the transcript. The oral evidence of one witness, M. C. Weaver, is embodied in the transcript. At the end of his evidence, it is stated that the evidence given by this witness was the only evidence introduced upon the issues joined between appellant and appellee. This statement seems to have been thrown in by the clerk and does not purport to be in the form of an agreement between the parties or their attorneys. The certificate of the clerk is in the usual form and recites that the transcript contains all the pleadings and proceedings had in a certain action recently pending in the court, wherein F. W. Brewer was plaintiff and M. C. Weaver and Weaver-Dowdy Company were defendants.

This certificate is in conflict with the decree of the court which appears in the transcript. The decree of the court recites that the cause was submitted to the court upon the pleadings, specifying them, and the depositions of F. W. Brewer, M. C. Weaver, and the oral testimony of M. C. Weaver, F. W. Brewer, John Q. Wolf, Eli Halfacre and Frank Handford.

Rule 19 of this court provides, "In all such cases the whole of the evidence shall be embodied in the transcript unless the parties shall agree upon an abbreviated statement thereof."

This court said in the case of *Senter* v. *Greer,* 100 Ark. 589, quoting the syllabus: "Where the record in an equity case shows that it does not contain all the evidence, it will be presumed on appeal that there was evidence to sustain the chancellor's finding and decree." Many Arkansas authorities were cited by the court upholding the rule announced in the syllabus.

In a later case, *St. Louis, I. M. & S. Ry. Co.* v. *Bright,* 109 Ark. 4, this court said: "Since some of the testimony that was before the chancellor has not been brought into this record, we must assume that every question of fact essential under the pleadings to sustain the decree was established by the absent evidence."

Appellee pleaded in the instant case:

*First.* That Weaver-Dowdy Company had full knowledge of the lien held by appellee before it contracted any indebtedness with M. C. Weaver.

*Second.* That his debt against M. C. Weaver was for the purchase money of the stock pledged to him as collateral to secure the note.

*Third.* That M. C. Weaver was not indebted to Weaver-Dowdy Company in any sum.

Appellant contends that there was no evidence before the chancellor responsive to the issues between appellant and appellee except the oral evidence of M. C. Weaver, which is set out in full in the transcript. Appellee contends that there was other evidence before the chancellor responsive to the issues between said parties not set out in the transcript.

The decree of the chancellor is to the effect that he heard evidence which is not incorporated in the transcript. The decree must control. We must presume that there was ample evidence to support the finding and

decree of the chancellor. *State, Use Bay Village School Dist. et al.* v. *Leatherwood et al.,* 127 Ark. 274, 192 S. W. 218.

No error appearing on the face of the record, the decree is affirmed.