ALSTON *v.* ZION.

## Opinion delivered November 18, 1918.

APPEAL AND ERROR—FAILURE TO BRING UP EVIDENCE—PRESUMPTION.—
Where the decree in a chancery case recites that "the cause is
submitted to the court upon the evidence and the pleadings," and
the clerk certifies that the transcript contains all of the evidence
introduced in the case, but it does not appear that the testimony
was ever reduced to writing and filed in the case, or that it is
authenticated in any manner, the presumption will be indulged
on appeal that the evidence sustained the decree, so far as it is
possible for a decree based on the complaint to be sustained by
evidence.

Appeal from Ouachita Chancery Court; *J. M. Bar-
ker,* Chancellor; affirmed.

*Stevens & Stevens,* for appellant.

*A. N. Meek,* for appellees.

SMITH, J.  Appellant brought suit in ejectment to re-
cover an undivided one-fifth interest in lands described
in her complaint.  She sued as an heir at law of W. B.
Franklin, her father, who, according to the allegations of
the complaint, died seized and possessed of the land in
controversy.  The answer alleged that, prior to the death
of Franklin, he had conveyed the land to John J. Ross,
who occupied the land for several years prior to his
(Ross') death, and that after the death of Ross, Judge H.
G. Bunn, as the executor of the will of Ross, conveyed the
land to the widow and children of Thomas J. Ross, and
that appellees acquired this title through mesne convey-
ances.  There was testimony to the effect that Franklin
owned a large body of lands at the time of his death, and
that the lands described in the complaint were assigned
to his widow as her dower in his estate.  Franklin died
in 1872, and the courthouse containing all the public rec-
ords was destroyed in 1875.  There was other testimony
to the effect that John J. Ross died in possession of the
land in the year 1885, claiming to be the owner thereof.

Appellant has abstracted certain testimony tending to show that Ross purchased the dower of Mrs. Franklin, and that his possession was referable to this life estate, and that Mrs. Franklin died in 1895, but this testimony was not undisputed. The cause was transferred to chancery on motion of appellees.

It is pointed out, however, that the decree recites that "the cause is submitted to the court upon the evidence and the pleadings," and there is no other reference in the decree to the testimony upon which it was heard, and the clerk of the court below has certified that "The above and foregoing is all of the evidence introduced in the case, both documentary and oral," and also that the seventy pages of typewriting to which he has affixed his signature and seal "contain a true and complete transcript of the record and proceedings in the chancery court of said county in the case therein stated." It is nowhere shown that the oral testimony was taken pursuant to the provisions of the practice act of March 30, 1915, found at page 1081 of the Acts of 1915, nor that the oral testimony was to be treated as depositions and filed and identified as such, nor is there any bill of exceptions in the case. We have a record similar to the one in the case of *Tedford* v. *Chick,* 114 Ark. 167, in which case it was said: "An examination of the purported testimony, as it appears in the transcript, shows that it was taken before the court at the trial of the case by a stenographer and was afterwards reduced to writing by him. No bill of exceptions has been signed by the chancellor or filed with the clerk. There is nothing whatever to show that the testimony was ever filed and made a part of the record in the case. There is nothing to identify the testimony as that heard by the chancellor on the trial of the case. It is not authenticated in any manner. In the case of *Beecher* v. *Beecher,* 83 Ark. 424, the court said:

"If oral testimony was taken before the court, it could be reduced to writing and filed as depositions, like depositions taken before any other officer; then it would be identified, and reference to the depositions in the de-

cree would make certain the evidence upon which it rested. Or it may be reduced to writing afterward and brought into the record by bill of exceptions. In this case neither course was pursued, and hence this unauthenticated testimony which is in the transcript can not be considered. It is no part of the clerk's duty to certify to oral testimony, and his certificate to it necessarily goes for naught. Therefore, we hold that the oral testimony was not properly brought into the record, and is not now before the court. There is a conclusive presumption that the evidence sustains the decree of the court so far as it is possible for a decree based on the complaint to be sustained by the evidence."

So here, as the testimony might have shown that the deed to John J. Ross was one conveying the fee, and not a mere life estate, we must affirm the decree of the court below which dismissed the complaint for want of equity.