FLETCHER *v*. SIMPSON.

Opinion delivered June 14, 1920.

1. APPEAL AND ERROR—REVIEW OF CASE IN EQUITY.—A case in equity is heard *de novo* on appeal on the record made below.

2. APPEAL AND ERROR—INCORPORATION OF ORAL EVIDENCE IN RECORD. —Oral evidence introduced in chancery cases may be made a part of the record by having it taken down in writing in open court and by leave filed with the papers in the case, or by bill of exceptions, or by embodying it as a recital in the decree.

3. APPEAL AND ERROR—TRANSCRIPT NOT CONTAINING ALL THE EVIDENCE.—Where a decree recites that it was heard, *inter alia*, upon the exhibits to certain depositions, and such exhibits do not appear in the transcript, the decree will be affirmed.

Appeal from Ashley Chancery Court; *E. G. Hammock*, Chancellor; affirmed.

STATEMENT OF FACTS.

Appellees brought this suit in equity against appellant to enforce the specific performance of a contract for

the sale of certain land and personal property by C. M. Simpson to R. M. Fletcher. The complaint alleges that appellant is insolvent, and that the property is being neglected and deteriorating in value. The prayer of the complaint is that if the appellant is unable to perform his contract by reason of his insolvency, the land and personal property be sold and the proceeds be applied to the payment of the purchase price, and that appellees have judgment for the residue against appellant.

Appellant filed an answer and cross-complaint in which he alleged that he was induced to enter into the contract by reason of the false representations of C. M. Simpson; that Simpson represented the farm purchased to contain more cleared land than it had; that he represented that part of the land was across the bayou and that it was similar in character to the main body of the land which had been viewed by appellant; that appellant was induced thereby not to go on the land across the bayou and examine it; that the land across the bayou comprised 140 acres and was practically worthless; that there was a large deficiency in the amount, kind and value of the personal property sold.

The prayer of the cross-complaint is that appellee be required to deliver to appellant all the property sold to him and that in the event delivery cannot be made, that appellant be given credit for the value of all property not delivered.

On the 28th day of September, 1918, Claude M. Simpson and R. M. Fletcher entered into a written contract for the conveyance of 1,280 acres of land near the town of Morrell, in Ashley County, Arkansas, and all the personal property on said place consisting of mules, cattle, wagons, farming tools and machinery, stock of merchandise and all the feed and grain on hand. W. J. Simpson, brother of C. M. Simpson was in charge of the place as his agent. Fletcher was not able to make the initial payment at the time the contract was executed, and W. J. Simpson continued in charge of the place and gathered and sold the greater part of the crop before R. M. Fletcher

entered into possession of the place. By the terms of the contract a cash payment was to be made, and the balance of the purchase money was on deferred payments. Later on in the fall R. M. Fletcher took possession of the place through his agent, A. G. Russell.

Appellees introduced testimony tending to show that R. M. Fletcher did not comply with the contract on his part in meeting the deferred payments for the purchase money; that Fletcher was insolvent and was allowing the personal property on the place to greatly deteriorate in value.

On the other hand, Fletcher introduced testimony tending to show that there was a material deficiency in the quantity of cleared land on the farm as represented to him by Simpson to induce him to make the contract; in addition, that 140 acres of the land was situated across a bayou, and that Simpson represented to him that it was of the same kind and character of land as that shown to Fletcher and examined by him; that the 140 acres of land turned out to be situated some distance from the bayou; that it was in the edge of the hills and was practically valueless; that Simpson gave him a list of the quantity, kind and value of the personal property on the farm; that the list of such property so shown to Fletcher was greatly in excess of the quantity and value of the personal property on the place and actually turned over to Fletcher. Evidence was also introduced by appellees tending to show that no false representations were made by Simpson nor fraud perpetrated by him to induce Fletcher to make the contract.

The chancellor found the issues in favor of appellees, and a decree was entered accordingly. The decree, after reciting that the cause was heard upon the pleadings and exhibits thereto, continues as follows: "and upon the depositions of W. J. Simpson, Robert Raines, W. E. Waddell, Fred A. Snodgress, C. M. Simpson, C. L. Willis, A. G. Russell, Walter Edwards, and R. M. Fletcher, and upon the exhibits to the depositions of said witnesses filed with their testimony and upon oral explanation by

the witnesses, A. G. Russell and R. M. Fletcher and C. M. Simpson to the court of certain of the exhibits filed, and upon the oral argument of counsel for the respective parties, and upon written briefs filed by counsel for the respective parties, and the court, being well and fully advised in the premises, doth find.''

To reverse that decree appellant has prosecuted this appeal.

*Mehaffy, Donham & Mehaffy,* for appellant.

Argue the merits of the case, citing 71 Ark. 91; 129 *Id.* 498; 112 *Id.* 500; 73 *Id.* 542; 81 *Id.* 347; 116 *Id.* 212; 30 *Id.* 535; 26 *Id.* 506; 27 *Id.* 292; 43 *Id.* 163; 38 *Id.* 78. The judgment is clearly against the clear preponderance of the evidence.

The transcript contains all the evidence upon which the decree was based and the exhibits were never filed as exhibits and were not before the lower court. The court erred in holding that the sale was *en masse.*

*Williamson & Williamson,* for appellee.

The transcript does not contain all the evidence. The principal contest was over the exhibits filed with the depositions, and these have not been brought into the record, nor is the oral testimony brought into the record. 98 Ark. 521; 80 *Id.* 74-5; 45 *Id.* 240. It will be presumed that the decree was sustained by the missing evidence. 77 Ark. 195; 72 *Id.* 185; 38 *Id.* 477; 58 *Id.* 134; 63 *Id.* 513; 109 *Id.* 1; 83 *Id.* 424; 98 *Id.* 266; 126 *Id.* 460; 136 *Id.* 376, 378.

HART, J. (after stating the facts). Appellees move the court to affirm the decree for the reason that the transcript does not contain all of the evidence in the case upon which the decree of the chancery court was based.

A case in equity is heard *de novo* by the appellate court on the record made below. Under our practice oral evidence introduced in chancery cases may be made

a part of the record by having it taken down in writing in open court and by leave filed with the papers in the case, by bill of exceptions, or by reducing the testimony to writing and embodying it as a recital in the record of the decree. *Casteel v. Casteel*, 38 Ark. 477; *Benjamin v. Birmingham*, 50 Ark. 433; *Jones v. Mitchell*, 83 Ark. 77; *Beecher v. Beecher*, 83 Ark. 424; *Rowe v. Allison*, 87 Ark. 206; *Bradley Lumber Co. v. Hamilton*, 109 Ark. 1; *Phillips v. Jokische*, 117 Ark. 221; *Weaver-Dowdy Co. v. Brewer*, 129 Ark. 193, and cases cited, and *Alston v. Zion*, 136 Ark. 376.

As shown by the statement of facts, the decree recites, among other things, that it was heard upon the depositions of W. J. Simpson, Robert Raines, W. E. Waddell, Fred A. Snodgress, C. M. Simpson, C. L. Willis, A. G. Russell, Walter Edwards, and R. M. Fletcher, and upon the exhibits to the deposition of said witnesses filed with their testimony and upon oral explanation by the witnesses, A. G. Russell, R. M. Fletcher and C. M. Simpson to the court of certain of the exhibits filed.

As will appear from the cases above cited as well as numerous other decisions of the court, where it is shown on the record that witnesses were examined in open court, this court cannot say how much the opinion of the chancery court was influenced and ought to have been influenced by their testimony. Therefore, a conclusive presumption in favor of the decree must prevail if the evidence sustains the decree, so far as it is possible for a decree based on the complaint to be sustained by the evidence.

In the case at bar the decree is within the issues made by the complaint and the answer and cross-complaint. It is therefore responsive to the issues.

It appears from the record that on August 20, 1919, the court ordered the stenographer to file the depositions taken at Little Rock with the exhibits thereto. None of the exhibits referred to in these depositions appear in the transcript.

W. J. Simpson, a brother of C. M. Simpson, was in charge of the place when Fletcher examined it with a view of purchasing it. He showed Fletcher all the real and personal property on the place except the cotton. He continued in charge of the place for several months after the contract of sale was executed. He had a sales book of the cotton grown on the place which was gathered and sold by him after the contract of purchase was executed. He agreed to file as an exhibit to his deposition a statement of the sale price of all the cotton and cotton seed sold by him together with the expense account against the same.

C. L. Willis was the real estate agent who made the sale, and he said that he would file as an exhibit to his deposition a list of all the personal property which was to be embraced in the contract of sale, together with the value thereof. Other exhibits were also to be attached to the depositions. As above stated, none of them appear in the transcript. It will be readily seen that their contents might be very important to a proper determination of the issues. The decree shows at least inferentially that these exhibits were before the chancellor. We refer to that part of the decree which recites that the case was heard upon oral explanation by the witnesses, A. G. Russell, R. M. Fletcher and C. M. Simpson to the court of certain of the exhibits filed.

The record of the decree does not recite which of these exhibits were explained by the witnesses. It will be remembered that C. M. Simpson sold the farm of R. M. Fletcher. A. G. Russell was the agent of R. M. Fletcher and took charge of the place within a few months after the contract was executed. The record does not disclose which of these exhibits the court desired to be explained by the witnesses; nor what explanation of them was made by the witnesses. This court cannot know what effect this omitted testimony had or ought to have had upon the chancellor. What was there said by the witnesses might have had, and should have had, a material bearing upon the decision of the chancellor.

These witnesses had already testified in the case. Two of them were the principal parties to the suit, and it can be readily seen how their explanation of the exhibits might have caused the chancellor to find the issues in favor of appellees. The exhibits and the explanation of them might have had a very important bearing upon the determination of the issues of fraud and false representations alleged to have been made by C. M. Simpson to R. M. Fletcher.

Since all the evidence upon which the decree was rendered has not been brought into the record and is not now before us, we cannot properly review the evidence for the purpose of ascertaining whether or not the same supports the decree. Therefore the decree must be affirmed.