## HARMON *v.* HARMON.

### Opinion delivered February 20, 1922.

1. DIVORCE—ACTION FOR ALIMONY.—An independent action for alimony will lie in this State.

2. APPEAL AND ERROR—BRINGING UP TESTIMONY.—Oral testimony in a chancery case may be made a part of the record by having it taken down in writing in open court and by leave filed with the papers in the case, by bill of exceptions or by embodying it as a recital in the decree.

3. APPEAL AND ERROR—PRESUMPTION WHERE EVIDENCE NOT BROUGHT UP.— Where oral evidence, heard by the chancellor, was not preserved in the record, the presumption is that the decree is supported by the omitted evidence.

4. DIVORCE—IMPRISONMENT FOR FAILURE TO PAY ALIMONY.—Imprisonment of a divorced husband for a failure to pay alimony is justified only on the ground of wilful disobedience to the orders of the court; and as soon as it is made to appear that he is unable to comply with such orders, he should be discharged.

5. APPEAL AND ERROR—RECORD ON APPEAL.—Although, under Crawford & Moses' Dig., § 1269, oral testimony given in a chancery case may be made a part of the record by filing a transcript of the stenographer's notes, such transcript must be filed during the term of court at which the case is tried, and must be indorsed as filed or directed to be filed by an order of court.

Appeal from Garland Chancery Court, *J. P. Henderson,* Chancellor; reversed in part.

STATEMENT OF FACTS.

On the 12th day of October, 1920, Minnie Louise Harmon brought an independent action in the chancery court against C. D. Harmon to recover alimony. The

husband filed an answer and cross-complaint in which he denied liability for alimony and asked for a divorce on the ground that his wife had wilfully deserted him for the statutory period.

On the 13th day of June, 1921, the cause was heard in the chancery court as recited in the decree, "upon the complaint of the plaintiff, the answer and cross-complaint of the defendant, the depositions of witnesses, and testimony taken at the bar of the court," etc. It was decreed that the defendant, C. D. Harmon, should pay to the plaintiff, Mamie Louise Harmon, the sum of $50 per month for her support and maintenance, and that said monthly payments should begin as of the date her complaint was filed. It was further decreed that the cross-complaint of the defendant against the plaintiff be dismissed for want of equity. To reverse that decree the defendant has duly prosecuted an appeal to this court.

Subsequently the plaintiff caused a citation to be issued against the defendant charging him with contempt of court for failing and refusing to comply with the order of the court in paying the alimony awarded her. The contempt proceedings came on to be heard on the 25th day of July, 1921, upon oral testimony which has been preserved in the record by a bill of exceptions, and which will be stated in the opinion.

The chancery court found the defendant had been guilty of contempt in not paying the alimony awarded his wife, and fixed his punishment at a fine of $25.

To reverse the decree entered of record against him in the contempt proceedings, the defendant has also prosecuted an appeal to this court.

*R. G. Davies,* for appellant.

The defendant should have been granted a divorce. 44 Ark. 420; 29 Am. Dec. 664; 51 Am. Rep. 86; 36 Am. Rep. 848; 11 N. Y. Eq. 195; 14 Cyc. 604; 40 Am. Rep. 461.

*Martin, Wootton & Martin,* for appellee.

The defendant was not entitled to a divorce. 62 Ark. 611; 82 Ark. 278; 107 Ark. 263.

In an independent action for alimony, a year's residence on the part of the plaintiff is not required. 54 Ark. 172; 75 Ark. 22.

HART, J. (after stating the facts.)  An independent action for alimony will lie in this State. *Savage* v. *Savage,* 143 Ark. 388.  The chancery court entered a decree awarding alimony to the wife on her complaint and dismissing the cross-complaint of the husband in which he sought a divorce on the statutory ground of desertion.

The deposition of the plaintiff was taken in the case. It appears from her testimony that she had tuberculosis and went to Texas for the benefit of her health, with the consent of her husband, and remained there for some length of time.  Her testimony in this respect was corroborated by that of her physician, who testified that she still had tuberculosis and needed a complete rest of six months.

On the other hand, the defendant testified that the plaintiff was almost completely cured of tuberculosis and stayed in Texas because she wished to follow there her occupation of trained nurse, and that she had deserted and abandoned him of her own accord and without cause. The decree of the chancery court recites that it was heard upon depositions and oral testimony.

Under our practice an equity case is heard *de novo* by this court on the record made in the chancery court. Oral evidence in a chancery case may be made a part of the record by having it taken down in writing in open court and by leave filed with the papers in the case, by a bill of exceptions, or by reducing the testimony to writing and embodying it as a recital in the decree. *Fletcher* v. *Simpson,* 144 Ark. 436; *Alston* v. *Zion,* 136 Ark. 376; and *Weaver-Dowdy Co.* v. *Brewer,* 129 Ark. 193.

The oral evidence taken in the present case was not preserved in the record, and under the settled rules of this court it must be presumed that the oral evidence which was omitted from the record sustains the chancellor's finding and decree.  Under the pleadings it is obvious

that the correctness of the chancellor's finding and decree depends upon the evidence introduced before him, and if that evidence is not preserved in the record we can not tell whether or not the chancellor erred in his finding of facts, or the decree based on such finding. Therefore, the presumption in such cases is that the decree is supported by the omitted evidence.

It is insisted by counsel for the defendant that the oral evidence was preserved in a bill of exceptions which appears in the transcript. The decree of the chancellor in the main case was entered of record on the 13th day of June, 1921, and it was decreed that the cross-complaint of the defendant should be dismissed, and that he should pay the plaintiff alimony in the sum of $50 per month. The bill of exceptions referred to by the plaintiff shows that was taken at a later date on the trial of the contempt proceedings in July, 1921. Therefore, this testimony could not have been used in the trial of the main case.

As we have just seen, the contempt proceedings were heard in July, 1921, and the bill of exceptions shows that the defendant was examined by the court and stated his reasons for not complying with the orders of the court as to paying his wife's alimony. He testified that he had no money or property out of which to pay the judgment for alimony; that he was only earning on an average of $32.87 above expenses per month; that he exhibited his books to the court; that his health is such as to render him unfit for manual labor and unable to endure physical exertion; that he is willing to pay the allowance when he can, and that he is now compelled to be supported by his mother, with whom he lives.

On cross-examination he stated that his mother was a woman of small means; that he had not asked her to help support his wife, and that he did not intend to do so.

We think this evidence was sufficient to excuse the defendant, and that the learned chancellor erred in punishing him for contempt. There is nothing in the record tending to contradict his testimony as to his inability to

pay the alimony. His mother was under no obligations to pay the alimony and was not required to do so. She might support her son and still refuse to support his wife. *Erwin* v. *Erwin*, 120 Ark. 581.

Imprisonment of a divorced husband for a failure to pay alimony is justified only on the ground of wilful disobedience to the orders of the court, and as soon as it is made to appear that he is unable to comply with such orders, he should be discharged. *East* v. *East*, 148 Ark. 143; *Webb* v. *Webb* (Ala.) 103 Am. St. Repts. p. 30, and *Messervy* v. *Messervy* (S. C.) 137 Am. St. Repts. 873, and case note at 883.

It does not appear that the defendant made a fraudulent disposition of his property after the award of alimony against him; or that he failed or refused to perform the decree from mere contumacy. It appears that his neglect was the result of misfortune from want of means and ill health. The court is empowered to punish the defendant by imprisonment for wilful obstinacy where it shall appear that he had the means with which to comply with the decree, but it should not imprison him where he shows that he has not the pecuniary ability to comply with the decree and is in such ill health that he can not earn enough money to do so.

The result of our views is that the decree of the court awarding the plaintiff alimony and dismissing the cross-complaint of the defendant for want of equity, will be affirmed for the reason stated in the opinion.

The decree punishing the defendant for non-compliance with the decree for the payment of alimony will be reversed for the reasons above given, and the citation will be dismissed. Of course, under our practice the defendant may be again cited for contempt if it should be shown that his disobedience to the order of the court continues and is wilful or the result of fraudulent conduct in the premises on his part.

OPINION ON REHEARING.

HART, J.   Counsel for the plaintiff has filed a motion for a rehearing in the divorce case on the ground that the oral evidence is properly a part of the record.

Under sec. 1269 of the Digest, the oral testimony given in a chancery case may be made a part of the record by filing a transcript of the stenographer's notes.   The statute does not expressly prescribe the time within which such translation shall be filed, but by necessary implication the time is limited to the term of court at which the case is tried.   Equity cases are tried *de novo* on appeal on the record made in the court below.   Therefore, it is necessary that the record in this court should be founded upon the proceedings actually had in the chancery court.   The decree becomes final when the term ends and the court loses jurisdiction over it.   Hence the record must be made up while the chancery court has jurisdiction of the case.   It can not be left to the stenographer to make up the record after the term has ended without the supervision or direction of the chancellor.   To allow this might be to substitute an entirely different record on appeal.   Nor does the section give the stenographer and chancellor in vacation the power to make up the record without a bill of exceptions.   No order was made allowing time after the term within which to file a bill of exceptions.   Neither does it appear from the record that the stenographer's transcript of the oral evidence was filed in the chancery court, indorsed as filed, or directed to be filed by an order of that court.   Lacking these requirements, it cannot be treated either as a bill of exceptions, or as a part of the record under the statute. As pointed out in our original opinion, the decree comes within the issue made by the pleadings, and can not be disturbed on appeal.

It follows that the motion for rehearing will be denied.