Wiegel v. Moreno-Burkham Construction Company.

Opinion delivered May 15, 1922.

1. Appeal and error—stenographer's notes as deposition.—Under Acts 1917, No. 81, the chancery court could not, at a subsequent term, adopt a transcription of the notes of the official stenographer made by another stenographer and order it filed as depositions in a case which had been determined at a previous term, and oral testimony so preserved is not a part of the record on appeal.

2. Reformation of instruments—transfer of cause.—Reformation of a contract for fraud or mistake is a proper matter for

equitable jurisdiction, and may be set up by way of cross-bill in a suit at law based upon the contract, in which case the pleader is entitled to have the cause transferred to equity.

3. APPEAL AND ERROR—PRESUMPTION.—In the absence of the evidence properly preserved, the Supreme Court must indulge the presumption that there was ample evidence to sustain the decree of the lower court, where the decree rendered was within the issues joined.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*James A. Comer,* for appellant.

No showing of fraud or mistake in the execution of the contract having been made, the case was improperly transferred to the chancery court. It should have been sent back to the circuit court. 93 Ark. 376; 65 *Id.* 503.

All conversations leading up to the execution of the contract are merged in the written contract, and that must govern. 99 Ark. 218-222; 21 *Id.* 69; 83 *Id.* 163. Parol evidence is inadmissible to alter, vary or contradict the written contract. 4 Ark. 179; 5 *Id.* 708; 35 *Id.* 156; 50 *Id.* 397; 54 *Id.* 97; 55 *Id.* 112; 58 *Id.* 277; 62 *Id.* 43; 102 *Id.* 428; 24 *Id.* 210.

Appellee, having read the contract before signing it, will be estopped from saying that it did not know what the contract contained or what it meant. 71 Ark. 185.

*Marvin Harris,* for appellee.

The oral testimony was not preserved. There was no authority in law to order the filing of the transcription, by another stenographer, of the stenographic notes of the testimony taken down by the official court stenographer, after the latter's death, at a succeeding term, and over the objections of the appellee. Act 81, Acts 1917, applicable to the Pulaski Chancery Court, does not authorize any such dangerous procedure, nor the practice recognized by this court. 144 Ark. 436, 439; 80 *Id.* 579; 83 *Id.* 424; 114 *Id.* 167; 117 *Id.* 221; 136 *Id.* 376.

There is, therefore, left for the court to pass upon only the one question: Was it possible for the decree

based upon the pleadings to be sustained by the evidence? The presumption is conclusive that it was.   144 Ark. 440.

Chancery jurisdiction was invoked by the allegations of the cross-complaint showing grounds and prayer for reformation, and was rightfully retained by the chancery court.   22 Standard Encyc. of Procedure, 626, 627, and authorities cited; 84 Ark. 349; 98 *Id.* 23; 108 *Id.* 147; 71 *Id.* 614; 135 *Id.* 293; 132 *Id.* 227; 134 *Id.* 152.

HUMPHREYS, J.   This is an appeal from a decree of the Pulaski Chancery Court, reforming a rental contract for a steam shovel, entered into between appellant and appellee on the 8th day of May, 1920, so as to provide for the termination thereof when appellee ceased to need the shovel in the construction of the Nineteenth Street pike, in said county, and adjudging $240, with costs, against appellee, in favor of appellant.   Suit was originally instituted by appellant against appellee in the circuit court of said county for $5,305.05 for the rental of the steam shovel and repairs on same  upon the written contract sought to be reformed, which provided for the rental of the steam shovel at $40 per day for every working day during a  period lasting as long as the Nineteenth Street pike was in course of construction.   It was alleged in the complaint that appellee paid the rental until October 1, 1920, but failed to pay it after that time; that appellee did not complete the construction of the Nineteenth Street pike until the 24th day of February, 1921; that the rental for the use of the steam shovel during that time amounted, under the contract, to the sum of $5,240; that under the provisions of the contract appellee was to keep the shovel in repair, which it failed to do, to appellant's damage in the sum of $65.65.   To this complaint appellee filed an answer, cross-complaint and a motion to transfer the case to the chancery court.   In addition to denying the material allegations in the complaint, appellee alleged that the written contract made the basis of the suit did not express the intention of the parties, or, if it expressed the intention of appellant, appellee's signature thereto

was procured upon the fraudulent representations that the clause in the contract relating to the termination thereof meant that rent should be paid on the steam shovel only as long as it was needed by appellee in the construction of the Nineteenth Street pike.

Over the objection of appellant, the cause was transferred to and tried in the chancery court upon the pleadings and testimony of witnesses taken in open court at the April, 1921, term thereof. The official stenographer, Gardner K. Oliphint, took the testimony of the witnesses in shorthand and filed his notes with the clerk of the Pulaski Chancery Court. W. W. Shepherd transcribed the stenographic notes, and, at a subsequent term, was ordered by the court to file his transcription as depositions in the case. This was done without appellee's consent. No other method was adopted to preserve the testimony taken *ore tenus* at the bar of the court. Appellee moves an affirmance of the decree of the lower court on the ground that the evidence was not preserved in the manner required by special act No. 81 of the Acts of 1917, applying to the Pulaski Chancery Court, and for that reason has been improperly included in the transcript as a part of the record in the case. We find no provision in the special act authorizing the court, at a subsequent term, to adopt the transcription by another stenographer of the notes of the official stenographer and to order the same filed as depositions in a case tried at a former term. For this reason the oral testimony preserved and brought into the record in this manner cannot be regarded as a record of the evidence in the case. Holding this view, the only errors which this court could consider on appeal would be errors appearing on the face of the record, without reference to the evidence improperly incorporated in the transcript.

Appellant insists that the court committed reversible error in transferring the cause to the chancery court. We think not. A reformation of the contract was sought on allegations which, if true, authorized a reformation

thereof. It was alleged in the cross-complaint that the written contract did not express the intention of the parties, or if it did express the intention of appellant, she procured the execution thereof through fraudulent representations as to the meaning of the termination clause of the contract. Reformation of a contract for fraud or mistake is a proper matter for equitable jurisdiction, and may be set up by way of cross-bill in a suit at law based upon the contract sought to be reformed, and when so pleaded entitles the pleader to transfer the cause from a law court to a chancery court. *Augusta Cooperage Co.* v. *Bloch, ante* p. 133. The court did not, therefore, commit error in transferring the cause from the law to the chancery court.

The judgment rendered in this cause recites that it was heard upon oral evidence taken before the court. The evidence was not preserved in the manner required by law, and in the absence of the evidence this court must indulge the presumption that there was ample evidence to sustain the decree of the lower court, as the decree rendered was within the issues joined in the pleadings. *Rowe* v. *Allison*, 87 Ark. 206; *Fletcher* v. *Simpson*, 144 Ark. 436.

No error appearing, the decree is affirmed.