STATEMENT OF FACTS.
Harriett Coleman and others, who are named in the complaint, brought this suit in equity against Elisha Mitchell and others, who are also named in the complaint, to enjoin Elisha Mitchell, as administrator with the will annexed of the estate of Virginia Mills, deceased, and Elisha Mitchell and Pettus Mitchell, as legatees under said will, from in any manner disposing of any of the property belonging to said estate, and for the appointment of a receiver to take charge of said property, and require an accounting from the defendants for the proceeds of the property belonging to said estate received by them.
According to the allegations of the complaint, Elisha Mitchell and Pettus Mitchell are the nephews of the husband of said Virginia Mills, deceased, and are the sole legatees under her will. The defendants, Major Baker and Isabel Trambell and the plaintiffs, are all cousins of *Page 620 
Virginia Mills, deceased, and her heirs at law. It is further alleged that the will was denied probate, and that Elisha Mitchell and Pettus Mitchell appealed to the circuit court from the order of the probate court holding that the will was not entitled to be admitted to probate. It is further alleged that the defendants compromised the suit in the circuit court, and that a full and true showing of the facts was not presented to the circuit court. The plaintiffs also allege that the execution of the will was obtained by the undue influence of Elisha Mitchell and Pettus Mitchell.
The defendants filed an answer, in which they denied all the material allegations of the complaint. They denied that a compromise of the case was had in the circuit court, as alleged in the complaint, and that a full and complete hearing on the facts relative to the probate of the will was not had in the circuit court.
The defendants also interposed a plea of res judicata. The defendants also alleged that the plaintiffs in this suit were present and represented by their attorney of record during the proceedings above referred to, and refused to make themselves parties to the proceedings.
The probate of the will was contested by Major Baker and Isabel Trambell as heirs at law of Virginia Mills, deceased. The defendants also filed what they termed a demurrer and motion for dismissal, which is as follows:
"Come the defendants, and move the court to dismiss the action and complaint and pleadings of the plaintiffs for want of equity, and for cause they state:
"1. The complaint and pleadings of the plaintiffs do not state facts sufficient to constitute a cause of action.
"2. The pleadings of the plaintiffs fail to show that all necessary parties have been made parties to the action.
"3. This court has no jurisdiction in the premises.
"4. The will of Virginia Mills, which is attacked by this action, was offered for probate in the Drew Probate Court, and the plaintiffs were present at the trial in the *Page 621 
Drew Probate Court, represented by the same attorney who brings the present action. There was an appeal from the decision of the Drew Probate Court to the Drew Circuit Court, where the issue of the validity of the will of Virginia Mills was tried de novo on February 11, 1925, and the validity of the will was sustained by judgment of the Drew Circuit Court. Plaintiffs were also present at the trial by their present counsel and attorney, and no appeal was taken from the decision of the Drew Circuit Court. Plaintiffs therefore have had their day in court and had adequate remedies at law, and the present issue is res judicata.
"5. On mandate from the Drew Circuit Court, the will of Virginia Mills was admitted to probate, and an administrator was properly appointed by the Drew Probate Court. Said administrator qualified, and has been constantly acting under orders of the Drew Probate Court since his appointment, and the administration of the estate of Virginia Mills has progressed many months under the jurisdiction of the Drew Probate Court. Plaintiffs have appealed from none of the orders of the Drew Probate Court, and have availed themselves of none of their remedies at law, although at all times well acquainted with their alleged rights and of the proceedings referred to. They are now estopped from maintaining this action and interfering with the jurisdiction of the Drew Probate Court. This court has no power to disrupt said administration nor to invalidate any of the proceedings which have been had in said probate court, including the probating of the will involved.
"Wherefore, the premises considered, defendants pray that the action of the plaintiffs be dismissed at their cost for want of equity, and for all other and further general, equitable relief."
The final decree in the case reads as follows:
"Now on this day comes on this cause to be heard upon the complaint of the plaintiffs, Harriett Coleman, Carrie Ann Shelby, Minerva Larry, Henry Jones, Marindy Moore and Queen Smith, filed February 12, *Page 622 
1925; and up on the amendment to the complaint filed by said plaintiffs on February 26, 1925; and upon lis pendens notice filed by the plaintiffs February 26, 1925; and upon the separate answer of defendants, Elisha Mitchell and Pettus Mitchell, filed March 3, 1925; and upon the motions of the defendants to dismiss, including a demurrer, and a plea of the jurisdiction of the court, and a plea of res judicata, and a plea of estoppel; and upon the motion of defendants to dismiss the actions because of noncompliance by the plaintiffs with the provisions of 4206-a of Crawford Moses' Digest of the Statutes of Arkansas; and upon the reply of the plaintiffs to the defendants' motion to dismiss; and upon oral testimony ore tenus in open court of the witnesses, Judge John W. Kimbro, W. H. Hardy, and John T. Cheairs, Jr.; and upon the records of the Drew Probate Court covering the probation of the will of Virginia Mills, deceased, and the administration of her estate to this date; and upon the records of W. H. Hardy, as clerk of the Drew Circuit Court, relative to the attendance of witnesses and persons present at the trial in the Drew Circuit Court on February 11, 1925, on the issue of the validity of the will of Virginia Mills, deceased; and upon statements and arguments of attorneys for the respective parties in open court; and the court, being well and fully advised in the premises, doth find that both the motions to dismiss filed by the defendants should be, and the same are, hereby by the court sustained.
"Wherefore, the premises considered, it is by the court considered, ordered, adjudged and decreed that the complaint and the amended complaint of the plaintiffs above named, and their entire cause of action be, and the same is, hereby by the court dismissed with prejudice, for want of equity; and the lis pendens notice filed by the plaintiffs is hereby by the court canceled, dissolved and held for nought; and the defendants are hereby awarded judgment against plaintiffs for all costs in this action accruing." *Page 623 
To reverse that decree the plaintiffs have duly prosecuted an appeal to this court.
(after stating the facts). The record shows that the court heard the case, among other things, on the motion of the defendants to dismiss, including a demurrer and their plea of res judicata. The decree recites that the motion to dismiss is by the court sustained. The motion to dismiss referred to in the decree is copied in our statement of facts, and need not be repeated here. Reference to it will show that it contains matters which, if proved, would sustain a plea of res judicata. To render a judgment in one suit conclusive of a matter sought to be litigated in another, it must appear from the record, or from extrinsic evidence, that the particular matter sought to be concluded was raised and determined in the prior suit, or that it might have been litigated in that case. Gordon v. Clark, 149 Ark. 173, 232 S.W. 19; Tri-County Highway Imp. Dist. v. Vincennes Bridge Co., 170 Ark. 22,278 S.W. 627; Howard-Sevier Road Imp. Dist. v. Hunt,166 Ark. 62, 265 S.W. 517; and Newton v. Altheimer,170 Ark. 366, 280 S.W. 641.
The matters involved in the present suit were within the issues tried in the suit relative to the admission of the will under consideration to probate, and it must be presumed that any evidence necessary to support its judgment that the will was entitled to probate was introduced and considered by the circuit court in its determination of the case. Some of the heirs at law of Virginia Mills, deceased, were parties to that proceeding, and the plea of res judicata of the defendants alleges that the plaintiffs in this suit were present in court in person and by attorney, and refused to take any part in the proceedings.
It has been held by this court that, if a plea of res judicata should not be sustained when the issues are practically the same, the litigation would not end until the parties had no more money or the ingenuity of counsel in suggesting additional grounds in support of the issues *Page 624 
has been exhausted. The court further said that the value of a plea of res judicata is not to be determined by the reasons which the court rendering the former decree gave for doing so. Tri-County Highway Improvement Dist. v. Vincennes Bridge Co., 170 Ark. 22, 278 S.W. 627. It is the settled doctrine of this court that, where a judgment or a decree recites that it was heard upon oral evidence and that evidence is not brought in the record by bill of exceptions or other legal means, this court must indulge the presumption that there was sufficient evidence to sustain the decree of the lower court within the issues joined in the proceeding. Weaver-Dowdy Co. v. Brewer,129 Ark. 193, 195 S.W. 367; Wiegel v. Moreno-Burkham Construction Co., 153 Ark. 564, 240 S.W. 732; Harmon v. Harmon, 152 Ark. 129, 237 S.W. 1096; and Fletcher v. Simpson, 144 Ark. 436, 222 S.W. 710.
The oral evidence recited in the decree was not brought into the record at all. It follows that the decree of the chancery court was correct, and it will be affirmed.