DUNAWAY *v.* RUSSELL.

Opinion delivered May 2, 1927.

1. VENUE—DESTRUCTION OF BUILDING.—Under Crawford & Moses' Dig., § 1164, providing that actions for injury to real property must be brought in the county in which the subject of the action is situated, a circuit court was without jurisdiction of an action to recover damages for negligent injury and destruction of the building situated in another county.

2. JUDGMENT—RES JUDICATA.—A judgment for the defendants in an action in one county for damages to personal property alleged to have been caused by the negligent injury and destruction of a building situated in another county barred a subsequent action in the latter county between the same parties for damages for destruction of the building, notwithstanding Crawford & Moses' Dig., § 1164, provides that actions for injury to real property must be brought in the county in which the subject of the action is situated, since the same fact was in issue and had been determined against plaintiff.

3. APPEAL AND ERROR—PRESUMPTION FROM ABSENCE OF BILL OF EXCEPTIONS.—Where a judgment recites that documentary proof in support of a special plea was heard, the appellate court will,

in the absence of a bill of exceptions, presume that there was sufficient evidence to sustain the trial court's finding.

Appeal from Faulkner Circuit Court; *George W. Clark,* Judge; affirmed.

### STATEMENT BY THE COURT.

This is an action by appellant, the owner of a one-story brick building situated on the south half of lot 8, block 1, Tyler's Addition to Conway, Arkansas, containing a printing office and equipment for the publication of a newspaper, against appellees, Theodore Smith, doing business as the Smith Auto Company, and the other defendants, architects and contractors, for damages for the destruction of said building and equipment alleged to have been caused by defendants' negligence in digging a ditch or excavation on the property line adjacent to the wall of appellant's building, removing the lateral supports thereof without putting in any supports or braces, so weakening his foundation that it collapsed, destroying the building completely, to his damage in the sum of $5,000. Prayed judgment against defendants and each of them for that sum.

The defendants, W. A. Russell and Howard James, the contractors, filed a separate answer, denying the allegations of the complaint, appellant's ownership of the building alleged to have been destroyed, the value thereof, and any negligence in making the excavation that caused or contributed to the damage and destruction of said building. Separate answers were filed by the other defendants, containing like denials of the allegations of the complaint. Russell & Company filed a supplemental answer, pleading a former judgment rendered in their favor in the Garland Circuit Court on October 2, 1925, in appellant's suit against them and the other defendants therein, as *res judicata* and by way of estoppel of appellant's right of action herein.

The answer alleged: ''That the plaintiff, L. S. Dunaway, did file his cause of action and prosecute the same to final judgment in the circuit court of Garland County,

Arkansas, on October 2, 1925, in which action he sought to recover against the same identical defendants named in this suit for damages to the personal property of the plaintiff situated in the building alleged in the complaint herein to have collapsed, and in said action in the circuit court of Garland County, Arkansas, the plaintiff set up, as the basis of his right to recover, the same acts of negligence complained of in this action. Defendants say that, if plaintiff sustained any damage as a result of any of said alleged negligent acts of these defendants, his damage to both real and personal property constituted but a single cause of action, and that plaintiff, in electing to try said cause of action in the circuit court of Garland County, Arkansas, for damage to the personal property alone, thereby waived his right to any other damage alleged to have been sustained by him as a result of said alleged negligent acts of these defendants; and as a result of said trial and judgment in the circuit court of Garland County, the matters set out in the complaint herein are *res judicata.*

"Defendants further state that, in said action in the circuit court of Garland County, Arkansas, the plaintiff alleged the same acts of negligence on the part of the defendants as are set out in the complaint herein, and evidence was introduced upon trial of said cause tending to establish said negligence; that the defendants answered in said causes, denying said alleged negligence, and introduced evidence to support their answer; that the issue as to whether or not the defendants were guilty of negligence in making the excavation set out in the complaint herein and whether or not said building collapsed as a result of any negligent act of these defendants, was submitted to the trial court in said action in the circuit court of Garland County, and a verdict was returned in favor of the defendants, whereupon a judgment in favor of the defendants was made and entered by the court, and the said verdict and judgment have not been reversed, set aside, or in any way modified. Defendants say that, as a result of said verdict and judgment, the plaintiff is

estopped to deny the findings of said jury and of said judgment that these defendants were not guilty of any negligence."

A certified transcript of the complaint, the demurrer thereto, the answer of the defendants, the order sustaining the demurrer in part, and final judgment in the Garland County action, was attached to the answer. The other defendants adopted the supplemental answer of Russell & Company, filed on the 30th day of December, 1925.

Appellant filed a general demurrer and response to the answer, alleging it did not set up sufficient facts or averments to constitute a plea in bar to this cause, and denied that the judgment rendered by the Garland Circuit Court was a final judgment; denied that it waived his right to try this cause of action by electing to try the personalty feature of the cause in the Garland Circuit Court, and alleged that the judgment of that court might have been predicated upon an issue not material to this, and immaterial, irrelevant and incompetent testimony, and stated that the issue of the damage to real property was not tried in that court, could not have been an issue, and was not adjudicated; denies that the issues and facts in the Garland Circuit Court were the same as those joined in this cause.

The court overruled the demurrer to the special pleas signed by the defendants, and the order recites further: "This cause coming on to be heard upon the complaint, the answer and special pleas hereto, together with the response to said special pleas, and documentary proof in support of said special pleas, and being well and sufficiently advised, the court finds that the said special pleas filed by the said defendants to the complaint of the plaintiff herein should be sustained, and complaint of the plaintiff should be dismissed." From the order dismissing the complaint this appeal is prosecuted.

*C. A. Holland, Murphy, McHaney & Dunaway,* for appellant.

*J. C. & Wm. J. Clark, R. G. Bruce, R. W. Robins* and *Will G. Akers,* for appellee.

Kirby, J., (after stating the facts).  It is earnestly urged by appellant that the trial court erred in overruling his demurrer to the special plea of *res judicata* and estoppel and dismissing his complaint.

No bill of exceptions appears in the record.  Our statutes provide that actions for injury to real property must be brought in the county in which the subject of the action is situated.  Section 1164, C. & M. Digest.

Appellant's cause of action for damages was alleged to have grown out of the negligent destruction of his building in Conway, Faulkner County, by the defendants in making the excavation along the foundation thereof, and the damage to the personal property contained in the building was but an incident to its destruction. Certainly the circuit court of Garland County was without jurisdiction of the plaintiff's action to recover damages for the negligent injury and destruction of his building situated in Faulkner County, and assuming, without deciding, that he could proceed in his action in Garland County, where defendants were summoned, to recover the damages for the injury to his personal property contained in the building destroyed resulting from the negligent destruction thereof, without waiving his right to recover for injury to the real property, the building itself, it was still necessary to prove the same act of negligence alleged to have caused the injury to the building, since there could have been no recovery of damages to personal property contained therein injured by the collapse of the building unless there was liability for the destruction of the building itself.

The parties to the action were the same and the allegations of the plea in bar, conceded by the demurrer, shows this fact to have been put in issue in that suit and directly determined against appellant as a ground of recovery, and, such being the case, the same fact cannot be put in issue in this subsequent suit between the same parties, since it was conclusively established in the judgment in the former suit, which remains effective, not having been modified or appealed from. *National Surety*

*Company* v. *Coats,* 83 Ark. 545, 104 S. W. 219; *Morgan* v. *Kendricks,* 91 Ark. 394, 121 S. W. 298; *Gosnell School District* v. *Baggett,* 172 Ark. 681, 290 S. W. 577; 15 R. C. L. § 450, page 974; § 439, page 964.

There is no bill of exceptions in the record, as already stated, and the judgment of the court recites that documentary proof in support of said special plea was heard,. and this court would indulge the presumption that there was sufficient evidence to sustain the lower court's finding even if it had not been otherwise shown by the pleading and exhibit to be correct. *Coleman* v. *Mitchell,* 172 Ark. 619, 290 S. W. 64.

No error was committed by the lower court in overruling the appellant's demurrer to the special plea of *res judicata* and estoppel, nor in returning a judgment thereon for the defendants. The judgment is accordingly affirmed.

McHANEY, J., not participating.

WOOD and HUMPHREYS, JJ., dissenting.