SECURITY PRODUCTS COMPANY v. BOOKER.

4-4970

Opinion delivered March 21, 1938.

*Ralph Morrow*, for appellant.

*Ector R. Johnson* and *H. M. Trieber*, for appellees.

SMITH, J. This suit was brought to cancel a deed of the State Land Commissioner to appellant based upon a forfeiture of certain lands to the state in 1932 for the nonpayment of the taxes due thereon for the year 1931,

Four defects were alleged in the said sale in the original complaint, but all are of a character which act 142 of the Acts of 1935 would cure, as the suit was pending when that act was repealed. *Carle* v. *Gehl*, 193 Ark. 1061, 104 S. W. 2d 445; *Burbridge* v. *Crawford, ante* p. 191, 112 S. W. 2d 423.

The decree from which is this appeal held that the sale was void. This decree contains the recital that ". . . the said cause is submitted upon the complaint and the amendment thereto, the amendment with its exhibits which the said plaintiffs filed in compliance with the motion to make their complaint more definite and certain, the answer and cross-complaint, the answer to the said cross-complaint, documentary evidence and the testimony of witnesses taken orally before the court, upon consideration whereof, and the court being well and sufficiently advised as to all matters of fact and law arising in said cause, both as to the action of the said plaintiffs upon their said complaint as so amended and as to the action of the said defendant upon its said cross-complaint, the court finds respectively as follows, to-wit: Among other findings thus made was one that the tax forfeiture was void "because of the respective defects, as in the said complaint and amendment thereto alleged, which occurred in the conduct of the tax proceedings leading to the said forfeiture, each such defect constituting a failure to observe a jurisdictional and indispensible requirement of a valid forfeiture."

We do not know, and it cannot be known from the record before us, in what respect the original complaint was amended, nor what defects in the sale were alleged in the amended complaint which were not alleged in the original complaint, nor can it be known whether such allegations were sustained by the oral testimony which the decree recites was heard by the court, which testimony has not been brought into the record.

The plaintiff was required by an appropriate motion to deraign its title in a manner to show such interest in the land as authorized plaintiff to question the tax sale and to effect a redemption. This was done by an amend-

ment to the complaint which exhibited the deeds constituting plaintiff's chain of title, but before referring to
this amendment the decree refers to another amendment
which, as we have said, does not appear in the record.

It is pointed out that the certificate of the clerk to
the transcript does not indicate the omission of the
amendment to the complaint or that of any testimony.
This certificate of the clerk does not undertake to
enumerate the pleadings and contains no reference to the
testimony heard. But if there were a direct conflict between the certificate of the clerk and the recitals of the
decree the latter would govern. It was so expressly held
in the case of *Weaver-Dowdy Co.* v. *Brewer,* 129 Ark. 193,
195 S. W. 367. The headnote in that case reads as follows:
"In the transcript in an appeal in equity the clerk recited
that all the evidence heard therein was set forth. The
decree of the court recited that certain other oral testimony was heard. *Held,* the recitals in the decree would
control, and that the decree would be affirmed, on the
ground that where all the evidence is not preserved, the
decree will be affirmed." In the body of that opinion it
was said: "The decree of the chancellor is to the effect
that he heard evidence which is not incorporated in the
transcript. The decree must control. We must presume
that there was ample evidence to support the finding and
decree of the chancellor." See, also, *Fletcher* v. *Simp-
son,* 144 Ark. 436, 222 S. W. 710; *Massey* v. *Kissire,* 149
Ark. 215, 232 S. W. 24; *Harmon* v. *Harmon,* 152 Ark. 129,
237 S. W. 1096; *Baldwin* v. *Brown,* 166 Ark. 1, 265 S. W.
976; *West* v. *Meillmier,* 172 Ark. 485, 289 S. W. 321; *Cole-
man* v. *Mitchell,* 172 Ark. 619, 290 S. W. 64; *Dunaway* v.
*Russell,* 173 Ark. 898, 294 S. W. 1.

The court found that the cost of the deed from the
State Land Commissioner, together with the value of
certain improvements made by appellant, amounted to
$800, and declared the same a lien on the land, and directed the sale thereof if this sum were not paid. No complaint is made of that action. But after so doing it was
further ordered that a receiver be appointed with directions to rent the land, by lease or otherwise, for a term

846

not exceeding five years, and to make a report of his proceedings. This was error. Appellant was entitled to the immediate payment of the judgment, and the original decree of sale should have been enforced. That portion of the decree will be reversed and the sale of the land ordered in accordance with the usual terms and conditions in such cases.

We are unable to say, from the record before us, that the decree of the court holding the sale void was erroneous; but it was error to postpone the enforcement of appellant's lien, as was done, and for this latter reason the decree will be reversed, and the cause will be remanded with directions to proceed in conformity with this opinion.