MILLER, *et al.* v. YOUNGER, *et al.*

5-192                                    262 S. W. 2d 146

Opinion delivered November 23, 1953.

*Aurelle Burnside,* for appellant.

*A. D. Pope,* for appellee.

GRIFFIN SMITH, Chief Justice. The mistake that has troubled mankind for so many centuries resulted in the conception of Wayne Younger out of wedlock. He was born in El Dorado August 9th, 1945. The mother, who remained unmarried, died December 11th, 1951, and her parents, Joe and Lois Miller, have appealed from a final order whereby Hosie and Edith Younger's petition for adoption was given final sanction July 31, 1952.

On behalf of the adopting petitioners it is contended that their son, Hosie Younger, Jr., is the child's father; that he has consistently acknowledged the relationship and initially paid the mother's expenses incidental to the ordeal of birth. It is also asserted that as a member of the armed forces he directed that an allotment for the boy's benefit be made to the child's mother, "and, at this time, under the G. I. Bill of Rights, makes for it a monthly allowance, changing it at the death [of the boy's mother] . . . to be payable to his mother, Edith J. Younger." Attached to the petition of Hosie and Edith Younger is the verified consent of Hosie Younger, Jr., in which he refers to the boy as "my child," etc.

It is insisted by appellants (a) that they are the nearest of kin; (b) the interlocutory order was without notice to them, and (c) these jurisdictional errors appear on the face of the record.

The final judgment contains a recital that the court's action was based on the several pleadings mentioned, "and upon oral testimony introduced in open court." Such testimony has not been brought up by bill of exceptions. The probate clerk's certificate is that the twelve pages of typewritten matter contain a true and complete transcript of the record and proceedings. This recital is in conflict with statements in the decree and cannot be accepted as evidence that oral testimony was not heard. *Weaver-Dowdy Co.* v. *Brewer,* 129 Ark. 193, 195

S. W. 367; *Massey v. Kissire,* 149 Ark. 215, 232 S. W. 24, (opinion on rehearing, p. 222 of the Arkansas Reports). It should be borne in mind, however, that the clerk's duty is to certify the record, not a bill of exceptions containing oral testimony heard by the court. *Beecher v. Beecher,* 83 Ark. 424, 104 S. W. 156.

Section 56-102, Ark. Stat's, fixes the place where the petition for adoption must be filed. That issue is not present here. Section 56-103 requires the petition to be verified. Subdivision (e) directs that the name of the person having custody of the minor be stated, except where there is a guardian. If it is alleged that both parents are dead, or that either is not living, the guardian, if there be one, must be identified. Where the allegation is that no guardian is known to the petitioner, then the name of a near relative is to be given, or in the alternative it must be stated that no close relative is known. Section 56-104 requires that all persons whose consent to the adoption is required be notified in the manner set out.

Section 56-106 (c) reads: "In case of illegitimacy, the consent of the mother shall suffice except where paternity has been established by judgment or order of a court of competent jurisdiction".

Although appellants allege that the child's mother placed it in their care shortly before she died, and that they are the rightful custodians, the assertion that it was wrongfully taken from them by the putative father's parents is not disclosed by any evidence. If appellants were custodians they were entitled to notice. This, however, is a factual issue susceptible of determination by the probate judge; and the same judge had power to make a finding that Hosie Younger, Jr., was the child's father. But irrespective of this issue the court could have found that appellees, when their petition was filed, were rightful custodians. This could not be true if we were permitted to treat as true the allegations contained in appellants' motion to vacate the interlocutory order; but in view of the recital that evidence was heard, it must be held that the assertion of custody cannot, in the absence of a bill

of exceptions, contradict the judicial recital and the integrity it imports.

Affirmed.

Mr. Justice WARD concurs.