### BEECHER *v.* BEECHER.

#### Opinion delivered July 15, 1907.

1. APPEAL—BRINGING UP THE EVIDENCE.—Where a decree in chancery appealed from recites that oral testimony of certain witnesses was heard, and what purports to be their testimony is copied in the transcript without the chancellor's authentication, such testimony will not be considered on appeal, although the clerk certifies that the transcript contains all the oral testimony, as it is no part of the clerk's duty to certify to oral testimony. (Page 424.)

2. SAME—PRESUMPTION WHERE ORAL EVIDENCE IS NOT BROUGHT UP.—Where a chancery cause was heard upon written and oral evidence, and the latter is not brought up on appeal, it will be presumed that the oral testimony justified the decree. (Page 424.)

Appeal from Clay Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*J. S. Jordan,* for appellant.

*J. L. Taylor* and *D. Hopson,* for appellee.

HILL, C. J. This is an appeal from a decree which granted a divorce to Maggie Beecher from her husband, George Beecher, and divided his property between them, giving her one-third and also attorney's fees, and set aside certain conveyances from him—one to a former wife, Julia A. Beecher, and one to his daughter, Edna Beecher. The decree recites that it was rendered upon the pleadings and depositions of various witnesses therein mentioned, "and upon the oral testimony of the following witnesses produced in open court: George Beecher, Edna Beecher, Maggie Beecher, Floyd Barwick, Jackson Russell, Gould McCollum and J. M. Pickens, whose testimony was taken in shorthand by stenographer, Chas. W. Jones, to be typewritten and filed as a part of the record, and upon the record of indictment returned by the grand jury," and other record evidence

mentioned. What purports to be the oral testimony of the witnesses named is found in the transcript, but there is no authentication of it by the chancellor, not even the stenographer's certificate that this was the testimony taken. The certificate of the clerk is in the following form: "The foregoing is a true, complete and perfect transcript of the pleadings, motions, orders of the court, depositions, oral testimony taken in open court, and the decree with the appeal therefrom entered in said cause."

In *Casteel* v. *Casteel*, 38 Ark. 477, Judge EAKIN, speaking for the court, said: "It must be confessed that from the depositions in the transcript the decree seems shocking. But we cannot comment upon it. There was oral evidence, which we must presume changed the whole aspect of the case. If not, the appellant should have brought it here for our consideration by bill of exceptions, or, what in chancery would have answered the same purpose, by having it taken down in writing in open court and by leave filed with the papers. An appeal in chancery brings up every paper properly filed in the cause. They all, under our present system, become parts of the record."

In *Meeks* v. *State,* 80 Ark. 579, the court said: "It is true that there appears in the transcript what purports to be the testimony of the petitioner and another witness introduced by him which the clerk certified to be the substance of the evidence as he remembers it. This is not the way to bring oral testimony upon the record in a chancery case. It can be done only by embodying the evidence in the record entry, or in bill of exceptions certified by the chancellor, or by reducing it to writing at the time and filing same as a part of the record."

In *Jones* v. *Mitchell, ante* p. 77, it was said: "There was no bill of exceptions filed, but what purports to be the oral evidence is set forth in the record. It is not authenticated by the trial judge, and cannot be considered as a part of the evidence."

In *Beecher* v. *State,* 80 Ark. 600, evidence was inserted in the transcript certified to by the stenographer, but was not incorporated in a bill of exceptions, and it was held that the court could not look to the stenographer's report for the evidence and other matters necessary to be preserved in a bill of exceptions in order to become part of the record. In other words, that the

stenographer's certificate did not of itself bring anything into the record.

If oral testimony was taken before the court, it could be reduced to writing and filed as depositions, like depositions taken before any other officer; then it would be identified, and reference to the depositions in the decree would make certain the evidence upon which it rested. Or it may be reduced to writing afterwards and brought into the record by bill of exceptions. In this case neither course was pursued, and hence this unauthenticated testimony which is in the transcript cannot be considered. It is no part of the clerk's duty to certify to oral testimony, and his certificate to it necessarily goes for naught.

Therefore, the case is here upon depositions and record evidence, which are identified, and upon oral testimony, which is not. The effect of that is well pointed out in the quotation heretofore given from *Casteel* v. *Casteel*. Other cases reiterating that doctrine may be found cited in *Jones* v. *Mitchell, ante* p. 77, which is the last case applying that principle.

Finding nothing here properly for review, judgment is affirmed.