CAGLE v. GRAY.

Opinion delivered December 16, 1907.

APPEAL—CLERK'S CERTIFICATE TO TRANSCRIPT—SURPLUSAGE.—The clerk of the chancery court is not authorized to certify that a transcript contains all the papers filed in the action named, *except certain testimony which is not on file in his office;* but so much of his certificate as relates to the testimony not on file will be treated as surplusage.

Appeal from Pulaski Chancery Court; *Jesse C. Hart,* Chancellor; motion denied.

Motion to strike out a portion of the clerk's certificate to the record.

*Vaughan & Vaughan,* for appellant.

Appellee *pro se.* ·

PER CURIAM. The clerk's certificate is as follows:

"I, F. A. Garrett, clerk of the Pulaski Chancery Court, do hereby certify that the annexed and foregoing 34 pages of within written matter contains a true, accurate and complete transcript of all the pleadings, papers, files and entries of proceedings in the action named in the caption (except certain testimony which is not on file in my office in said cause, and which by consent of counsel is omitted from this record), as hath appeared by comparing the same with the originals thereof now on file and of record in my office," etc.

In *Beecher* v. *Beecher,* 83 Ark. 424, it was said: "It is no part of the clerk's duty to certify to oral testimony, and his certificate to it necessarily goes for naught." This certificate in a negative way reaches the same end sought to be reached by the clerk's certificate in the Beecher case, and is equally ineffectual.

The appellee files a motion to strike out so much of the clerk's certificate as goes beyond his province, but the court does not in that way exercise authority over the clerk's certificate.

The objectionable part is surplusage, and neither adds to nor takes from his certificate what is proper to be certified, and it is unnecessary to recommit it to him for a proper certificate, and the motion is overruled.