### SPRINGFIELD v. FULK.

#### Opinion delivered October 31, 1910.

1. BILL OF EXCEPTIONS—FAILURE OF JUDGE TO SIGN—REMEDY.—Mandamus is the proper remedy to compel the signing of a bill of exceptions—not to require the trial judge to insert any particular matter, but to sign a bill of exceptions which he approves as being correct. (Page 317.)

2. STATUTES—DECISIONS UNDER SIMILAR STATUTES.—Where a statute of this State is substantially like that of another State, decisions of that State construing such statute are peculiarly persuasive in determining rights under the statute of this State. (Page 318.)

3. BILL OF EXCEPTIONS—FAILURE OF JUDGE TO SIGN.—Where a party in good faith presented his bill of exceptions, which he has a reasonable expectation of having signed by the judge, he is not prejudiced by necessary delay taken by the judge for his own convenience or for the purpose of giving it a thorough examination. (Page 319.)

Mandamus to Pulaski Circuit Court; *F. Guy Fulk,* Judge; writ awarded.

*Bratton, Fraser & Bratton,* for petitioners.

Kirby's Digest, § 6225, settles the duties of the trial judge with reference to signing the bill of exceptions. If the bill of exceptions presented is true, he must allow and sign it; if not true, it is his duty to correct it, or cause it to be corrected, and sign it. Upon his failure to perform this duty when a bill of exceptions is presented within the time required by law or the order of the court, mandamus will lie to compel him to do so. 3 Cyc. 24; *Id.* 47, note 30; 35 Ark. 568; 129 Ill. 777.

When the bill of exceptions is presented within the time allowed, the appellant's rights will not be prejudiced by the judge's delay in signing it.　3 Cyc. 44; 12 Pac. 202; 58 S. W. 440; 6 Ky. Law Rep. 736; 12 *Id.* 989; 80 Me. 270; 158 Ill. 237; 160 Ill. 288.

*J. W. Blackwood,* for respondent.

McCULLOCH, C. J.　Petitioners have appealed from an adverse judgment of the circuit court of Pulaski County in the matter of the contest of the will of J. P. Steen, deceased, and they now seek a mandamus requiring the Honorable Guy Fulk, judge of said court, before whom the case was tried, to sign a bill of exceptions.　The motion for new trial was overruled by the circuit court on February 25, 1910, and an order was entered giving ninety days from that date within which to prepare and file their bill of exceptions.　The time expired therefore on May 27, 1910.

A transcript of the oral proceedings, covering several hundred pages, was prepared by a stenographer, and delivered to counsel for petitioners to be incorporated into a bill of exceptions, and the bill was by them delivered to opposing counsel for the latter's examination and approval.　Petitioner's counsel obtained the bill of exceptions from opposing counsel on May 25, the latter declining, however, to approve it on account of alleged inaccuracies; and on the morning of May 26 it was delivered to Judge Fulk to be signed.　Judge Fulk was that day engaged in jury trials, and, after a partial examination of the bill of exceptions, he concluded that it would need correction, and he directed the clerk to file the unsigned bill, pending his examination thereof.

The time allowed for filing the bill of exceptions passed without anything further being done, but thereafter Judge Fulk took up the matter with counsel on both sides, in an effort to have the proper corrections made, so that he could sign the bill.　Counsel for appellee then objected to the signing of the bill of exceptions after the time allowed by the order of court, and made a motion in the circuit court to strike from the records the unsigned bill, and this motion was sustained.

It seems to be settled that mandamus is the proper remedy to compel the signing of a bill of exceptions—not to require

the trial judge to insert any particular matter in the bill, but to sign a bill of exceptions which he approves as being correct. Elliott, Appellate Procedure, § 516; *State* v. *Gibson*, 187 Mo. 536; *People* v. *Van Buren*, 41 Mich. 725.

The statute relative to the signing of bills of exception is as follows: "Where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exception to writing and present it to the judge for his allowance and signature. If true, it shall be the duty of the judge to allow and sign it; whereupon it shall be filed with the pleadings as a part of the record, but not spread at large upon the order book. If the writing is not true, the judge shall correct it, or suggest the correction to be made, and, when corrected, sign it." (Section 6225, Kirby's Digest).

It will be seen from this statute that a party has the right to present a bill of exceptions which he conceives to be correct, and that, if it is correct, it is the duty of the judge to sign it, or, if he finds it incorrect, it is his duty to correct it, and then sign it. There are numerous decided cases to the effect that "where a bill of exceptions is presented to the trial judge within the time prescribed, the rights of appellant or plaintiff in error will not be prejudiced by the judge's delay in signing it. In such cases the maxim *actus curiae neminem gravabit* applies." 3 Cyc. 44; 3 Am. & Eng. Enc. Pl & Pr., 474; Elliott, App. Proc., § 802; *Proctor Coal Co.* v. *Strunk*, 89 S. W. (Ky.) 145; *Toney* v. *South Covington, etc., Str. Ry. Co.*, 58 S. W. (Ky.) 440; *Johnson* v. *Tanner*, 126 Ga. 718; *Field* v. *Gellerson*, 80 Me. 270; *West Chicago St. Rd. Co.* v. *Morrison, etc., Co.*, 160 Ill. 288; *Denver* v. *Capelli*, 3 Col. 236; *Cochrane* v. *Little*, 71 Md. 323; *People* v. *Judge Super. Ct.*, 41 Mich. 725; *Davis* v. *Patrick*, 122 U. S. 138.

In *Ray* v. *Grove*, 6 Ky. Law Rep. 736, the court said: "Where the time for filing a bill is extended to a day in the next term, and the bill is tendered within the time thus allowed, though not signed and filed until a subsequent day, the requirements of the law have been complied with; and this is true, though the court may find it necessary to make some corrections in it at the time the judge signs it, provided appellant has in good

faith tendered what he considered a true account of the pro-
ceedings on the trial."

Our statute on the subject is substantially like the Ken-
tucky statute, and the decisions of the courts of that State
are peculiarly persuasive in determining rights thereunder. It
is not necessary in this case to hold that a bill of exceptions
must be signed by the judge, even though it is presented to
him at the last moment, when it is physically impossible for
him to give any reasonable amount of attention to it. All that
we find it necessary in the present case to hold is that where
a party in good faith presents his bill of exceptions, which
he has a reasonable expectation may be examined and signed
by the judge, so that it may be filed within the time allowed,
he is not prejudiced by necessary delay taken by the judge
for his own convenience, or for the purpose of giving the bill
of exceptions presented a thorough examination. In this case
it appears that counsel for petitioners delivered the bill of
exceptions to opposing counsel six or seven days before the
time expired; it was returned without approval, and they en-
deavored to present it to the judge on May 25, which was three
days before the expiration of the time. Failing to find the
judge, they actually presented it to him early in the fore-
noon of the 26th, which gave the whole of two days for ex-
amination. It can not be said, under those circumstances, that
the presentation was not made in good faith and with a rea-
sonable expectation that his Honor, the trial judge, could fully
examine it in time to sign it before the period allowed expired.
It does not appear that counsel purposely delayed the matter,
or that they presented an incorrect bill of exceptions for the
purpose of securing further delay.

There are decisions of this court holding that a bill of
exceptions must not only be signed by the judge, but must
be filed with the clerk within the time allowed by the court.
*Watson* v. *Watson,* 53 Ark. 415; *Stinson* v. *Shafer,* 58 Ark.
110. The conclusion we reach on this question does not at
all weaken the force of those decisions, for we hold only that
it is the delay caused by the trial judge which excuses. After
a bill of exceptions is signed, any delay on the part of the
litigant in filing it is chargeable to him; and if the bill of ex-

ceptions is signed before the expiration of the time, but not filed, it is the fault of the litigant, and he must bear the loss.

The writ of mandamus is therefore awarded.