PHILLIPS *v.* JOKISCHE.

Opinion delivered March 1, 1915.

APPEAL AND ERROR—ORAL TESTIMONY—HOW PRESERVED—CHANCERY APPEAL.
—Oral testimony in a chancery case can only be preserved by a recital of the original record, or by bill of exceptions, signed by the chancellor, or by reducing the testimony to writing at the time and, by permission of the court, filing it as a part of the record in the case.

Appeal from Fulton Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Appellant, pro se.*

*Lehman Kay,* for appellee.

Appellant's failure to bring into the record the oral testimony heard at the trial, calls for an affirmance. 38 Ark. 481; 45 Ark. 242; *Id.* 313; 35 Ark. 230; 58 Ark. 134; 83 Ark. 426; *Id.* 77; 80 Ark. 74; 81 Ark. 427; 100 Ark. 266.

McCULLOCH, C. J. The appellee, Katherine Jokische, instituted an action in the chancery court of Fulton County against one Jefferies and others to recover a sum of money and the possession of other personal property, or to assert a lien on the property. The exact nature of her claim is not brought into the record on this appeal, but it appears that a receiver was appointed to take charge of the property, and appellant, I. F. Phillips, intervened in the action and asserted a claim to a portion of the property in the hands of the receiver. The property claimed by appellant is two horses and a wagon and set of harness. The chancery court heard the case upon testimony adduced and decided against appellant, dismissing his intervention for want of equity. The decree recites that the cause was heard upon depositions and the oral testimony of witnesses adduced before the court, but the oral testimony has not been brought into the record.

In the condition of this record, we must indulge the presumption that the findings of the chancellor are correct and supported by the preponderance of the evidence.

Appellant contended that the record of the decree was erroneous in reciting that oral testimony was heard, and we postponed the submission of the cause to give him an opportunity to apply to the chancery court to have the record amended. The application was made and the court heard the motion, but refused to make any correction, holding that the record as originally sent up here was correct. An appeal has been prosecuted from that order and the record of that hearing is before us. The chancellor heard the motion for correction of the record upon oral testimony which is conflicting, and his finding that the original record was correct is not against the preponderance of the evidence. There was also an effort made to have the chancellor certify as a part of the record

the oral testimony which was adduced at the original hearing, and the chancellor refused to do that. He decided that his investigation should be limited to a determination of the question whether or not the record, as formerly made was erroneous, and that when he decided that question, the inquiry was at an end. We think the chancellor was entirely correct, for it is too late now to supply the omitted record. Oral testimony can only be preserved by a recital in the original record, or by bill of exceptions signed by the chancellor, or by reducing the testimony to writing at the time, and, by permission of the court, filing it as a part of the record in the case. *Meeks* v. *State*, 80 Ark. 579.

The decree is therefore affirmed.