BLACKFORD *v.* GIBSON.

Opinion delivered May 24, 1920.

1. APPEAL AND ERROR—BRINGING UP THE EVIDENCE.—Where a cause was heard upon oral testimony which is not brought into the record except upon the certificate of a stenographer that the testimony which he had transcribed contained all the oral evidence introduced in the suit, such certificate will not be considered, and it will be presumed that every question of fact essential under the pleadings to sustain the decree was established by the oral testimony not properly brought into the record.

2. HIGHWAYS—ROAD DISTRICT—INSUFFICIENCY OF DESCRIPTION.—Acts 1920, No. 104, attempting to create Ozark Trail Road Improvement District No. 2, *held* void for insufficiency of description of the road.

Appeal from Craighead Chancery Court, Western District; *E. L. Westbrook,* Special Judge; affirmed.

STATEMENT OF FACTS.

Appellees brought this suit in equity against appellants to enjoin them from proceeding further in the con-

struction of a road under Act No. 104 of the General Assembly of the State of Arkansas, approved February 7, 1920, entitled an Act to Create the Ozark Trail Road Improvement District No. 2.

The court granted the prayer of the plaintiffs and enjoined the commissioners from taking any further steps tending to carry out the provisions of said act and from incurring any obligations as commissioners of the district, or from attempting to fix any charge upon the land of the district either by assessment, levy or for preliminary expenses. The case is here on appeal.

*T. A. Turner* and *Rose, Hemingway, Cantrell & Loughborough,* for appellants.

1. This court has no power to inquire into the question as to whether act 104, Acts 1920, was secured by fraudulent practices. 72 Ark. 201.

2. The act was constitutionally passed. 40 Ark. 200; 51 *Id.* 566.

3. The Legislature committed clerical errors in describing the road, but the errors are typographical and obvious and trivial. The act was not void for these errors. 130 Ark. 70; 120 *Id.* 230; 214 S. W. 56.

4. The Legislature had authority to make appropriations to pay for the preparation of bills presented to it for passage. 134 Ark. 328-332; 10 Barb. (N. Y.), 481; 2 A. R. L. 1212 and note.

5. The act was duly passed. 216 S. W. 500-2. The mistake is obvious and the intention of the Legislature should prevail. 34 Ark. 263-9; 136 Ark. 524 is conclusive of this. 93 *Id.* 168. See, also, 11 Ark. 44; 28 *Id.* 203; 40 *Id.* 431; 80 *Id.* 150; 86 *Id.* 518; 94 *Id.* 422; 106 *Id.* 517; 109 *Id.* 556; 212 S. W. 90.

6. The provisions for attorney's fees were valid. 2 R. C. L. 1042; 129 Ark. 542-8. Any unconstitutional part of the act should be stricken out and the balance of the act should stand. 37 Ark. 356; 81 *Id.* 519; 212 U. S.

322. The route of the road is definitely fixed and mere obvious errors should be corrected.

*Lamb & Frierson,* for appellees.

1. There is no bill of exceptions in the record and the decree should be affirmed. 127 Ark. 274; 192 S. W. 218; 109 Ark. 1-4; 159 S. W. 35-6; 159 S. W. 35.

2. The act is void on account of the fraud perpetrated in its passage. 30 Am. Dec. 360; 9 So. 776; 44 *Id.* 536.

3. The bill was not read in full, and the act is void. 40 Ark. 207; 44 *Id.* 536, 550.

4. The journal entries do not show that the rules were suspended. Const., art. 5, §§ 2 and 22; 19 Ark. 250.

5. The bill is absolutely void, even if its *passage* is held valid, for errors and irregularities in the description of the road. It is indefinite and uncertain. The road runs out of the territory to be taxed when the district does not include intervening lands, and is absolutely void. 214 S. W. 56; 130 Ark. 70; 113 *Id.* 566; 120 *Id.* 230; 105 *Id.* 380. Other roads may be improved within the district. 89 Ark. 513; 118 *Id.* 119, 294. See, also, 118 Ark. 294.

6. The act is unconstitutional and void as infringing the jurisdiction of the county courts in laying out public roads. 91 Ark. 274; 92 *Id.* 93 and cases *supra*. The attempt to tax personalty is invalid. 129 Ark. 542.

7. There is no limit to the amount of tax to be levied in the district. 213 S. W. 755. No separate assessment for the ditch is provided for in the act.

8. The constitutional and unconstitutional parts of the act are so interwoven that the invalid parts can not be stricken out under our law.

HART, J. (after stating the facts). It is first insisted that the decree must be affirmed because there is no bill of exceptions in the record. The bill recites that the case was heard before the chancellor upon the complaint, the affidavits of certain designated persons, the

demurrer and answer of the defendants, and the oral evidence of certain persons named in the decree. There is no bill of exceptions contained in the record.

It is true there is a certificate of a stenographer that certain testimony which he has transcribed contains all the oral evidence introduced in the cause, but there is nothing to indicate that the parties agreed that the oral testimony should be reduced to writing and filed as evidence in the case, or that the court ordered it so filed. The certificate of the stenographer that his transcribed notes contained all the oral testimony that was introduced in the cause avails nothing. It was the duty of the parties to present their bill of exceptions to the chancellor for his approval, or to have had the testimony brought into the record by some of the familiar methods of bringing such testimony before this court. While chancery causes are heard *de novo* in this court, they are tried upon the same record as was made in the chancery court. The presumption in cases like this is that the missing evidence sustains the decree of the chancellor. We must assume that every question of fact essential under the pleadings to sustain the decree is established by the oral testimony which is not properly brought into the record. *State use, etc.* v. *Leatherwood,* 127 Ark. 274, and cases cited. Neither was section 19 of the Practice Act of 1915 complied with. Acts of 1915, p. 1081.

Again it is insisted that the decree should be upheld because the road described in the act creating the district is not an established public road and a part of it lies without the proposed district.

On the other hand, counsel for the defendants base their right to a reversal of the decree on the ground that the Legislature committed a clerical error in describing the road.

Counsel concede that, when tested by the description of the road according to the government survey, the district is void, but they claim that the road is sufficiently

described by known monuments, and that these should control over the government survey.

It is contended that the testimony omitted from the record would have shown that the description according to the government survey would have fitted another public road as well as the one in question, and that it would have also shown that there were no known monuments that would have established the road attempted to be improved.

Section 3 of the act contains the description of the road. It is very lengthy and need not be set out herein. According to the description as there set out, the district is void.

It is the duty of courts to ascertain the meaning of an act from the language used by the Legislature. The description of the proposed road according to the government survey is totally at variance with that according to the courses and distances described in the act. There is nothing to indicate which one the Legislature intended to adopt, and the chancery court was correct in holding that the act was void because of the legislative mistake in describing the road to be improved. *Jones* v. *Lawson,* 143 Ark. 83.

It follows that the decree will be affirmed.