SERCER *v.* HAMILTON.

Opinion delivered November 20, 1922.

APPEAL AND ERROR—BRINGING TESTIMONY INTO RECORD.—Testimony of witnesses heard orally before the chancery court and taken down in shorthand and ordered transcribed and filed as depositions in the case was improperly incorporated in the transcript, where it was not filed with the clerk during term time nor brought into the record by bill of exceptions or by being incorporated in the decree.

Appeal from Bradley Chancery Court; *E. G. Hammock,* Chancellor; affirmed.

*J. C. Clary, D. A. Bradham* and *Wilson & Martin,* for appellant.

*Williamson & Williamson,* for appellees.

HUMPHREYS, J.　Appellees instituted suit in the circuit court of Bradley County against appellant to recover $10,000 on two promissory notes in the sum of $5,000 each, executed by appellant to them in part payment for timber on a certain 520-acre tract of land in said county, and caused an attachment to be issued and levied upon a lot of staves belonging to appellant.

Appellant filed an answer seeking to cancel the notes upon the ground that he was induced to execute them through fraud and misrepresentation of appellees as to the character and location of the timber sold him. The right to attach the staves was controverted, and damages sought on account of the levy of the writ. Upon motion the cause was transferred to the chancery court of said county, where it was heard upon the pleadings, documentary evidence, and testimony of witnesses taken *ore tenus* at the bar of the court which resulted in a decree denying judgment on the notes because the suit was prematurely brought; denying the cancellation thereof as being fraudulently procured; dissolving the attachment and refusing damages on account of the levy thereof.

From that part of the decree refusing to cancel the notes and award appellant damages an appeal has been prosecuted to this court.

Appellees have moved to affirm the decree because the oral and documentary testimony taken in open court was not preserved and incorporated in the record in the manner provided by law. The decree recites that the testimony of certain witnesses, naming them, was "taken *ore tenus* at the bar of the court, taken in shorthand and ordered transcribed and filed as depositions in the case." What purports to be the testimony of these witnesses is incorporated in the transcript, but they were not filed with the clerk during the term of the court the decree was rendered. It does not appear that the documentary evidence or testimony of said witnesses was brought into the record by a bill of exceptions, nor written out and embraced in the decree. It was furnished to the clerk by a stenographer after the adjournment of court, as shown by a response to a writ of certiorari, and incorporated in the transcript by the clerk. It does not appear, however, that the court made any order before the evidence was taken for the court stenographer, or one specially appointed by him for the purpose, to take the testimony in shorthand, transcribe, and file it during the term at which the case was tried. The testimony was not brought into the record in the manner required by law (see *McGraw* v. *Berry,* 152 Ark. 452), and no error appearing on the face of the record, there is nothing before us upon which to predicate a reversal of the decree.

Decree affirmed.