FLOYD *v.* BOOKER.

Opinion delivered November 12, 1923.

APPEAL AND ERROR—TIME FOR FILING BILL OF EXCEPTIONS.—Where a decree allowed no time for filing a bill of exceptions, and no such time was requested, a transcript of the testimony, which the parties agreed should become a part of the record, did not become such by being filed after the adjournment of the court.

Appeal from Miller Chancery Court; *James D. Shaver*, Chancellor; affirmed.

*M. E. Sanderson*, for appellants.

*W. H. Arnold, W. H. Arnold, Jr.,* and *David C. Arnold,* for appellee.

The evidence was not brought into the record by bill of exceptions filed within time fixed by the court, or in any other manner required by § 1323, C. & M. Digest, and is not properly before this court. 156 Ark. 473; 153 Ark. 587; 152 Ark. 452.

HUMPHREYS, J. Appellee instituted suit against appellant in the chancery court of Miller County to recover $4,712.65 borrowed money, upon five separate promissory notes, and to foreclose the several mortgages given upon personal property and real estate to secure same.

The cause was submitted to the court upon the pleadings, exhibits thereto, and the testimony taken *ore tenus* before the court, which resulted in a finding for appellees for the amount sued for and a decree of foreclosure and sale of the lands and chattels to apply upon the indebtedness. From this finding and decree an appeal has been duly prosecuted to this court. Appellees insist upon an affirmance of the decree because the testimony has not been preserved and properly incorporated in the record.

The testimony heard by the trial court and taken down in shorthand was transcribed by the stenographer, and an attempt was made to bring a transcription thereof into the record five months after the rendition of the decree, by the following agreement of counsel.

"It is agreed by and between counsel of record for the plaintiff and defendant in the above entitled cause that the foregoing pages, numbered from one to seventy-one, contain all of the evidence heard or offered in the trial of said cause, and all the exceptions thereto, and all proceedings had and done in the trial of this cause, and that the same is correct, and that, when filed by the

clerk of the chancery court, shall become a part of the record in said cause as fully, completely and effectually as if approved, signed and ordered filed by order of the judge trying said cause.

"Witness our hands this 12th day of February, 1923.

"W. H. ARNOLD, JR.

"Counsel for plaintiff.

"M. E. SANDERSON,

"Counsel for defendants."

The decree did not allow appellant any time within which to prepare and file the bill of exceptions, and it does not appear that the request for time to do so was made. This privilege was accorded to them by § 1318 of Crawford & Moses' Digest. The substance and language of the agreement set out above reflects that the oral and documentary evidence was attempted to be brought into the record as an agreed bill of exceptions by authority of § 1323 of Crawford & Moses' Digest, which is as follows:

"In all cases, except indictments charging a felony, where the parties to an action agree in writing upon the correctness of a bill of exceptions by indorsement thereon, signed by one or more counsel of record of the respective parties, it shall be the duty of the clerk of the court in which the case is pending to at once file such agreed bill of exceptions, and the same shall be a part of the record as fully, completely and effectively as though approved, signed and ordered filed by the order of the court or judge trying the cause. Provided, said bill of exceptions is filed within the time fixed by the court for filing the same."

No time having been requested or obtained within which to file the bill of exceptions beyond the term at which the decree was rendered, the judge trying the case could not have approved, signed, and ordered the bill of exceptions to be filed as a part of the record after the adjournment of the court. Under our statute, in order

for a bill of exceptions, prepared and filed after adjournment of court, to become a part of the record, it was necessary for a day certain to have been fixed for the filing of same and for the bill to have been approved and signed by the trial judge or agreed upon by the parties, and filed with the clerk within the the time allowed by the court. *Watson* v. *Watson*, 53 Ark. 415; *Stinson* v. *Shafer*, 58 Ark. 110; *Springfield* v. *Fulk*, 96 Ark. 316.

As the oral and documentary evidence was not brought into the record by any method recognized by our practice, and, as the errors complained of arise out of the testimony, the decree herein must be affirmed, without determining the issues upon their merits.

It is so ordered.