CENTRAL BANK *v.* DOWNTAIN.

Opinion delivered January 21, 1924.

1. APPEAL AND ERROR—OMISSION OF TESTIMONY—PRESUMPTION.— Where a decree recited that oral testimony was heard by the chancellor, and such testimony is not preserved and incorporated in a bill of exceptions, it will ordinarily be presumed that the omitted testimony would have supported the decree, in so far as the decree is dependent upon the facts established by the testimony.

2. APPEAL AND ERROR—AGREED STATEMENT—NECESSITY FOR BILL OF EXCEPTIONS.—No bill of exceptions is necessary when a cause is heard upon an agreed statement of facts which is incorporated in the decree itself.

3. ADVERSE POSSESSION—OCCUPANCY OF TENANT AS NOTICE.—One who takes a mortgage upon land in possession of a tenant is not charged with notice of a subsequent purchase of the land by such tenant.

4. SPECIFIC PERFORMANCE—VERBAL CONTRACT OF PURCHASE.—When a vendee of land under an oral purchase was already in possession as tenant, his continuance in possession was not such part performance as to warrant specific performance.

Appeal from Union Chancery Court; *J. Y. Stevens,* Chancellor; reversed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellants.

1. The agreed statement of facts upon which the suit was tried having been incorporated in the decree, a bill of exceptions, or other preservation of the evidence, is not necessary. 66 Ark. 182; 111 Ark. 356; 141 Ark. 374; 150 Ark. 193.

2. Appellee had no enforceable contract, since his possession was not sufficient to take his contract of purchase out of the statute of frauds. Having entered into possession as a mere tenant, the fact that he later agreed to purchase would give him no equities which might be enforced against third parties. 136 Ark. 447; 123 Pac. 1118.

3. Morgan's act of conveying to appellant amounted to a repudiation of the oral agreement, and appellant, being in privity with Morgan, is entitled to plead the statute against the appellee, as to the validity of the oral agreement. 106 S. E. 243; 137 N. W. 575; 123 Pac. 1118; 25 R. C. L. 732-734; 130 U. S. 123. It cannot be said that Morgan's act in executing the warranty deed after the execution of the mortgage was a ratification of the prior oral agreement; on the contrary, when he executed the mortgage conveying the property to the bank as security for his indebtedness, he absolutely repudiated the contract with appellee. 59 N. E. 763.

*F. M. Betts,* for appellee.

1. The appeal should be dismissed, or the decree of the lower court be affirmed, for failure of the appellant to file a complete transcript of the record. It is deficient in failing to include the demurrer of appellee, Downtain, together with two letters or statements of Downtain and J. T. Tatum, as also some receipts and exhibits, and fails to bring before this court any of the oral proceedings of the lower court. Rule 9 of the Supreme Court; 89 Ark. 349; 154 Ark. 263; 156 Ark. 473; 144 Ark. 436; 149 Ark. 215; *Floyd* v. *Booker,* 161 Ark. 87. If the court holds that the record is sufficient to justify a trial here *de novo,* we insist that, since none

of the evidence upon which the case was submitted to the lower court is before this court, the presumption in favor of the correctness of the decree ought to prevail, and it should be affirmed.

2.   It should be affirmed also because the record does disclose the filing of appellee's demurrer, the effect of which was to show that the mortgage sought to be foreclosed did not include the "other indebtedness" clause; and all indebtedness alleged, as shown by the exhibits filed by appellants, was incurred subsequent to the mortgage.   78 Ark. 141; 91 Ark. 458; 12 Ark. 581.

3.   Downtain's possession of the land was notice to the world of his claims thereto.   It was appellees' duty to inquire of him what rights he claimed in the land.   33 Ark. 465; 105 Ark. 201; 101 Ark. 163.

SMITH, J.   This appeal is from a decree which contains the following recitals:   "On this day come the plaintiffs, Central Bank of Little Rock, and C. C. Kavanaugh, trustee, by their solicitors, Snodgress & Snodgress, and comes the defendant, O. W. Downtain, by his solicitor, George M. LeCroy, and announce ready for trial.   Thereupon this cause is submitted to the court upon the original complaint of the plaintiffs with its exhibits, the amendment to the complaint filed May 7, 1921, the demurrer of the defendant, O. W. Downtain, to the plaintiff's complaint and exhibits, and the answer of the defendant, O. W. Downtain, and the following agreed statement of facts:

" 'J. T. Tatum was the duly authorized agent of S. R. Morgan, the latter owning the following described real estate, to-wit: (Describing it).

" 'In 1915 or 1916 O. W. Downtain orally agreed to purchase the above property from S. R. Morgan, but was unable to do so.   It was then orally agreed between him and Tatum that he should rent the property, and that if, later, he was able to purchase, Morgan would sell it to him.   Rent was paid until April 22, 1920.   At that time Tatum, in behalf of Morgan, orally agreed to sell Downtain the above property for $1,100.   Downtain orally

agreed to purchase, and instructed Tatum to have prepared an abstract, orally agreeing to pay the $1,100 when the abstract was furnished, showing a fee simple title in Morgan, free of all incumbrances. The abstract as prepared omitted the deed of trust executed by Morgan to plaintiff, and on October 26, 1920, Morgan, by warranty deed, conveyed the above property to Downtain for the consideration of $1,100, which was paid to Morgan on that day.

" 'In the meantime Morgan executed a deed of trust to C. C. Kavanaugh, as trustee for the Central Bank of Little Rock, the plaintiff herein, conveying the above described property. The said deed of trust was duly executed, acknowledged and filed for record on May 17, 1920, with the clerk and ex-officio recorder of Union County, as appears in record book 89, page 414, of the records of Union County, Arkansas. That the said deed of trust is the one sought to be foreclosed in this action, and that the said Morgan has defaulted in the obligations therein undertaken by him.' The foregoing was all the evidence submitted to the court."

Upon these recitals the court dismissed the complaint of the bank as being without equity, and quieted the title of Downtain.

When the transcript was prepared the exhibits referred to in the decree were lost, whereupon the bank instituted proceedings to restore them. This proceeding was heard, and the court made an order supplying the exhibits. Later, appellee filed a petition praying the court to make a *nunc pro tunc* order amending the decree copied above, showing that the cause was submitted and heard on (1) the demurrer of Downtain; (2) a letter written by J. T. Tatum; (3) a letter written by Downtain; (4) oral testimony taken before the court. The court heard the petition for a *nunc pro tunc* order, and decreed that the pleadings and the matters of evidence above referred to were offered and were considered on the original hearing, and it was ordered that the original decree be amended to reflect this fact.

This *nunc pro tunc* decree presents an anomalous situation. It is thus made to appear that, in addition to the two letters, there was oral testimony, which does not appear in the record. There was no bill of exceptions.

The ordinary rule in such cases is that a presumption arises that the omitted testimony, had it been preserved and incorporated in a bill of exceptions, would have supported the court's decree in so far as the decree was dependent upon the facts established by the testimony. But it is an established rule of practice that no bill of exceptions is necessary when the cause is heard upon an agreed statement of facts which is incorporated in the decree itself. *Carroll County* v. *Poynor,* 142 Ark. 546; *Cummins Bros.* v. *Subiaco Coal Co.,* 150 Ark. 187; *Sizer* v. *Midland Valley R. Co.,* 141 Ark. 369; *Winn* v. *Simpson,* 156 Ark. 601.

In *Webster* v. *Goolsby,* 130 Ark. 141, we quoted from 1 R. C. L., page 778, paragraph 5, the following statement of the law: ''Where parties to a case agree to submit the same for decision upon an agreed statement of facts, and nothing is said in the agreement to the contrary, each party is absolutely bound and concluded by the statements of fact thus agreed to, so far as the trial in which the stipulation is made is concerned; and where the agreement is not expressly limited to use in the trial in which it is made, it is admissible in evidence as an admission in any other trial or litigation between the same parties, where the same issues are involved, but it is not absolutely binding and conclusive upon the parties in other litigation.''

We do not understand the effect of the decree on the petition for a *nunc pro tunc* order to be to question the agreed statement of facts. We must assume therefore that the facts are, so far as the decree recites them, as stated in the decree which we have copied. This being true, the decree rendered was erroneous.

It appears, from this agreed statement of facts, that Downtain was in possession as tenant, but on April 22, 1920, he made an oral contract to acquire the title, which

contract was consummated by a deed executed and delivered to him on October 26, 1920. But on May 17, 1920, the mortgage sought to be foreclosed was filed for record.

It is true, ordinarily, that possession by a person under a contract of purchase, although unrecorded, is notice of his equitable rights and interests in the property. As was said in *American Bldg. & Loan Assn.* v. *Warren,* 101 Ark. 169, "Actual possession is evidence of some title in the possessor, and puts the subsequent purchaser or mortgagee on notice as to the title which the occupant holds or claims in the property. Generally, actual, visible and exclusive possession is notice to the world of the title and interest of the possessor in the property, and it is incumbent upon the subsequent purchaser or mortgagee to make diligent inquiry to learn the nature of the interest and claim of such possessor; and if he does not do so, notice thereof will be imputed to him."

The rule just stated does not apply here, however, for the reason, as stated in the agreed statement of facts, that Downtain was in possession as a tenant when his contract of purchase was made. In *Ashcraft* v. *Tucker,* 136 Ark. 447, it was said: "It has been held by this court that delivery of possession of land to the vendee under a parol contract of purchase takes the case out of the operation of the statute of frauds, and that possession alone is sufficient part performance of an oral contract for the sale of land to sustain a decree for a specific performance. But possession alone, in order to be sufficient, must be taken pursuant to the contract. Where the alleged purchaser is already in possession as tenant, and merely continues in possession after making the contract, that alone is not sufficient to take the case out of the operation of the statute. *Phillips* v. *Jones,* 79 Ark. 100, and *Moore* v. *Gordon,* 44 Ark. 334. In the instant case Tucker was the tenant of Ashcraft, and merely continued in possession of the land after making the oral contract for the purchase of it. Under the authorities just cited, this was not sufficient part performance to

warrant specific performance." In addition to the authorities cited in appellant's brief, see also *Rugan* v. *Vaughan,* 142 Ark. 176; *McNeill* v. *Jones,* 21 Ark. 277.

It follows therefore that the decree of the court dismissing the complaint must be reversed, because the error thereof appears from the face of the record; but it does not follow that the cause should be remanded with directions to foreclose the mortgage, as appellant insists. We have an anomalous record before us. The mortgage sought to be foreclosed is not copied into the record; but it does appear that most, if not all, of the exhibits which were supplied by the petition of appellee are items dated subsequent to the date of the mortgage, and it is insisted that these were negotiable instruments which the bank discounted and placed to the credit of its mortgagor, after the execution of the mortgage, whereas, in fact, the mortgage secured only the indebtedness then existing, and not any indebtedness subsequently created, and that this fact would appear if the mortgage were before us. As this may be true, although the case was not disposed of on that theory in the court below, as appears from the agreed statement of facts, we remand the cause for further proceedings, and it is so ordered.