WOODRUFF *v.* DICKINSON.

4-5730 135 S. W. 2d 667

Opinion delivered January 15, 1940.

*Claude F. Cooper* and *T. J. Crowder,* for appellant.

*Wils Davis* and *Taylor & Taylor,* for appellee.

BAKER, J. In a per curium order recently made in this case, we denied ·a request to affirm on account of non-compliance with Rule 9; but announced our intention to consider only issues presented by proper abstract of pleadings and other parts of the record including such evidence as properly belonged therein without having been certified by bill of exceptions.

The decree presented for review recites that the case was heard upon pleadings and exhibits, the depositions of witnesses, ten or eleven of whom were named, and ''oral testimony'' of other withnesses, naming them.

Attention is called to the fact that at least two depositions mentioned are not in the record and that the oral testimony has not been preserved by bill of exceptions or otherwise as provided by act 290, acts of 1915, the pertinent part of which is now Pope's Digest, § 1493.

There is no recital found in the record whereby this oral evidence was reduced to writing as depositions taken before the court.

Appellant has set forth a resume of this omitted evidence taken by deposition as well as the oral testimony improperly incorporated as part of the record, and has argued to some extent the effect thereof.

But a failure to preserve and bring forward a transcript of evidence heard properly authenticated may not thus be lightly dismissed, and the provisions of said act No. 290 of 1915 be wholly disregarded.

In this case there is no authentication of this oral testimony except the clerk's certificate to the transcript. This is ineffectual for that purpose. It was so held in *Beecher* v. *Beecher,* 83 Ark. 424, 104 S. W. 156. In a later case, this same matter was considered and the court

quoted from *Beecher* v. *Beecher, supra,* and then states the effect of a failure to bring into the record oral testimony in a proper way. The court said: "There is a conclusive presumption that evidence sustains the decree of the court so far as it is possible for a decree based on the complaint to be sustained by the evidence." *Tedford* v. *Chick,* 114 Ark. 167, 169 S. W. 769.

Lest there be a lingering doubt in the minds of some attorneys, we venture the following conclusions and authorities as sustaining the position taken.

Evidence taken orally must be reduced to writing and be properly identified by the court and filed and made a part of the record by order of the court, or brought into the record by a bill of exceptions. *Bradley Lbr. Co.* v. *Hamilton,* 109 Ark. 1, 159 S. W. 35.

Oral testimony in a chancery case can only be preserved by a recital of the original record, or by bill of exceptions, signed by the chancellor, or by reducing the testimony to writing at the time, and by permission of the court filing it as a part of the record in the case. *Phillips* v. *Jokische,* 117 Ark. 221, 174 S. W. 520.

Where oral testimony is heard by the chancellor, such testimony must be preserved by bill of exceptions and made a part of the transcript on appeal, otherwise it is ordinarily presumed that the omitted testimony, if the decree was dependent on the facts established by the oral testimony, supported the decree. *Central Bank* v. *Downtain,* 162 Ark. 46, 257 S. W. 746. But no bill of exceptions is necessary where there is an agreed statement of facts, which is incorporated in the decree itself. *Central Bank* v. *Downtain, supra.*

Bills of exceptions cannot be considered, if not filed within the time allowed by the trial court. *Engles* v. *Oklahoma Oil & Gas Co.,* 163 Ark. 270, 259 S. W. 749.

The mere filing of an agreed statement of facts does not make it a part of the record where it is not brought up in a bill of exceptions, nor incorporated in the judgment entry. *Great Southern Fraternal Union* v. *Stroud,* 169 Ark. 509, 275 S. W. 753.

Depositions when filed, or oral evidence ordered to be reduced to writing and filed as depositions, become part of the record in a chancery case. *Chicago Title & Trust Co.* v. *Hagler Special School District,* 178 Ark. 443, 12 S. W. 2d 881.

In order for stenographer's transcribed notes to become part of the record, the court at the beginning of the trial must order this done and can not wait until the trial has been concluded. *McGraw* v. *Berry,* 152 Ark. 452, 238 S. W. 618. Before transcribed notes can become part of the record, under order of court and without the consent of the parties they must be filed in court during term time, *supra.*

Oral testimony transcribed and ordered filed as depositions was improperly incorporated in transcript where it was not filed with the clerk during term time, not brought into the record by bill of exceptions nor by being incorporated in the decree. *Sercer* v. *Hamilton,* 155 Ark. 639, 245 S. W. 35.

All the foregoing announcements are digested from cases in chancery.

A bill of exceptions filed after the term of court will not be considered on appeal where no time for filing was given. *Ogletree* v. *Walker,* 185 Ark. 805, 49 S. W. 2d 1054.

The last announcement is from an opinion in a circuit court case.

Maybe the following citations will not be deemed amiss in a matter of such real importance: *Blackford* v. *Gibson,* 144 Ark. 240, 222 S. W. 367; *Fletcher* v. *Simpson,* 144 Ark. 436, 222 S. W. 710; *Harmon* v. *Harmon,* 152 Ark. 129, 237 S. W. 1096; *Floyd* v. *Booker,* 161 Ark. 87, 255 S. W. 288.

So, in so far as the decree may rest upon facts the, conclusions must be in favor of appellees according to all the authorities.

Moreover, we find as an exhibit to a deposition of one witness, a form of judgment that was agreed upon

and entered in vacation. It was set aside because not approved by the court and ordered of record in term time. It set out the rights of the respective parties. The agreement in this form of judgment must now be held as determinative of appellant's claims. We do not forget that she strongly insists her attorneys were without power or authority to make such an agreement. The omitted depositions and unauthenticated evidence must be presumed conclusively to establish facts contrary to her contention.

In addition, appellant insists her title was cured by act 142 of the Acts of 1935. This act was considered by this court in the case of *Carle* v. *Gehl*, 193 Ark. 1061, 104 S. W. 2d 445. It is applicable for the cure of irregularities and informalities, only when there has been a "Publication of a notice of sale under a valid and proper description" proof of which advertisement is made only by proper certificate of the clerk. *Carle* v. *Gehl, supra.*

Appellant does not establish this fact of legal notice. Hence the act No. 142 may not be considered further.

Appellant now urges that the court erred in not holding the plaintiffs were required to make tender of taxes and value of improvements. The answer to that proposition is that it was concluded by the settlement agreement above mentioned, copied in a footnote.* But Mrs. Woodruff had only a donation certificate, no deed had been issued to her. In fact, one had been refused.

---

**JUDGMENT**

* On this day appeared the plaintiffs, Catherine T. Dickinson, Katherine D. Dickinson, Robert E. Dickinson, and Elizabeth D. Liebkeman, by their attorneys, Taylor & Taylor, and also the defendants, L. C. Woodruff, J. N. H. Woodruff, Lee Kirby, Jess Hogan, John Hawkins, Sam Aspirl and John Burrell, by their attorneys, Nelson & Nelson, and this cause is by agreement submitted to the court upon the pleadings and agreement of the parties, from which the court finds as follows:

That plaintiffs are the owners and entitled to the possession of the land and premises sued for, to-wit:

Southwest quarter, section 8, township 13 north, range 9 east; that defendants are in possession of said land of and by virtue of a Donation Certificate No.............. issued on the 16th day of November, 1931, by the Commissioner of State Lands of the State of Arkansas to the defendant, L. C. Woodruff, and the defendants are claiming that plaintiffs are indebted to them for improvements placed on the said land. The court finds that defendants are entitled to all crops grown on said land during the year 1934 and that same shall be full compensation for all improvements placed on said land by defendants and that defendants shall retain possession of said land and premises for the purpose of gathering and harvesting said crops until January 1, 1935, at which time defendants shall surrender possession of land and

It was held by this court that one possessed of donation certificate merely could not invoke this statute now appearing as § 4663, Pope's Digest. *Beloate* v. *State, ex rel. Atty. General, et al.*, 187 Ark. 17, 58 S. W. 2d 423.

As to the last contention that appellees were not entitled to possession until payment of taxes and improvements had been made, we again look to the agreement. Appellant accepted the benefits accruing thereunder; and she can not evade its burdens. What is said in this opinion is not intended to apply where a local or special act is in force.

Affirmed.

premises and all improvements thereon to plaintiffs, their agents or employees. The court further finds that said Donation Certificate is void and of no force and effect.

It is further ordered, adjudged and decreed by the court that the plaintiffs, Catherine T. Dickinson, Katherine D. Dickinson, Robert E. Dickinson and Elizabeth D. Liebkeman, are the owners of said southwest quarter of section 8, township 13 north, range 9 east and entitled to the possession of the same on and after January 1, 1935, and that defendants are entitled to all crops grown on said land during the year 1934 and shall have until January 1, 1935, to gather and harvest the same; and that defendants shall vacate said land and premises and surrender possession thereof to plaintiffs on or before January 1, 1935, and that if said land and premises be not vacated by defendants on or before January 1, 1935, the clerk of this court is hereby directed to issue a writ of possession to plaintiffs; that said Donation Certifcate be, and the same is hereby canceled as a cloud on plaintiff's title to said land.

Signed by Attorneys.