ELVINS v. MORROW.

4-6771                                    162 S. W. 2d 892

Opinion delivered June 8, 1942.

*John W. Nance* and *Earl C. Blansett,* for appellant.

*Rex W. Perkins,* for appellee.

GRIFFIN SMITH, C. J.   Two decrees were rendered: one June 20, 1941; the other August 29, 1941. The first was set aside August 15, 1941, when the cause was reopened and continued for hearing at the regular August term.

A recital in the decree of June 20 is that the cause was heard upon the plaintiff's petition, the answer of defendants, and the evidence offered in support of the conflicting contentions.

The decree of August 29, after enumerating the pleading, recites a hearing upon testimony of Sam Morrow, W. M. Elvins, Mrs. O. H. Weddle, and Bernal Seamster.

The motion before us is to strike the matter presented as a bill of exceptions. The cause is captioned: "In the Washington Chancery Court. Sam Morrow v. W. M. Elvins, Faye Tom Elvins, and City Water Plant, defendants; Mrs. O. H. Weddle, Intervener." There follows the clerk's attestation: ". . . the above entitled cause came on to be heard upon the pleadings heretofore filed."

Under "Evidence Introduced on Behalf of Plaintiff," there appears the following: "Sam Morrow, having been called as a witness in his own behalf, after being duly sworn testified. . ."

Similar language precedes the testimony of Harry E. Hamilton, Mrs. O. H. Weddle, and W. M. Elvins, witnesses for plaintiff, and Bernal Seamster, called by the defendants. Certain exhibits are attached.

Finally, there is the clerk's certificate that ". . . the foregoing 59 pages of typewriting contain a true and complete transcript of the pleadings, docket entries, and decree . . ." Immediately preceding the clerk's certificate is the following by Gertrude Williams: "I do hereby certify that the foregoing testimony of witnesses and exceptions thereto, the rulings of the court, and the exceptions thereto, were duly taken down by me in shorthand and duly and correctly transcribed and the foregoing is a full, true, and correct copy thereof, and all the acts and things done in this cause as reflected by the pleadings filed herein and the hearing held on August 29, 1941. Witness my hand this nineteenth day of February, 1942."

If, from the nature of the writing, we may assume that Gertrude Williams was court reporter, (either regularly appointed or selected especially for this case) there is the further complication that in the same certificate pleadings and other matters forming part of the record are referred to. Since it is the clerk's duty to prepare

458

and avouch the record, including depositions and transcribed oral testimony properly brought in, that part of the certificate is at least superfluous.

It will be observed that no witnesses are identified in the so-called stenographer's certificate; and while the testimony of six persons appears in that part of the transcript intended as a bill of exceptions, only four witnesses are mentioned in the decree of August 29. Harry E. Hamilton and Clyde Counts are quoted at transcript pages 39 to 42, inclusive.

In *McGraw* v. *Berry,* 152 Ark. 452, 238 S. W. 618 (chancery case), oral testimony was taken at trial without an order designating a stenographer. A paragraph in the opinion is: "Under our practice, oral evidence introduced in chancery cases may be made a part of the record by having it taken down in writing in open court and filed with the papers in the case, by bill of exceptions, or by reducing the testimony to writing and embodying it as a recital in the record of the decree."

There was this additional holding: ". . . in order for the transcribed stenographic notes to become a part of the record, under order of the court and without consent of the parties, they must be transcribed and filed in court during the term at which the case is tried, and not at a time beyond the adjournment of the court."

In *Sercer* v. *Hamilton,* 155 Ark. 639, 245 S. W. 35, the decision is summarized in a headnote to the Arkansas Report as follows: "Testimony of witnesses heard orally before the chancery court and taken down in shorthand and ordered transcribed and filed as depositions in the case was improperly incorporated, where it was not filed with the clerk during term time nor brought into the record by bill of exceptions or by being incorporated in the decree."

Per curiam orders were made June 5, 1939, in Causes Nos. 5536 *(Jesse Pearl Lautner* v. *Marvin E. Lautner)* and 5554 *(Arabella White* v. *J. N. White).* In each appeal —the first having been from Washington chancery, and the second from Logan chancery—appellee's motion to strike the bill of exceptions was sustained on the ground

that no time had been asked or allowed within which to file a bill of exceptions, and that which purported to be a bill of exceptions was not signed by the chancellor.

In *Smith* v. *House,* 163 Ark. 423, 260 S. W. 441 (chancery case), it was said: "Depositions filed after the term at which the case was decided, where no time was given for so filing them, will not be considered on appeal, though the parties stipulate that they constitute all the evidence introduced at the trial."

In the instant case there is no order by the chancellor granting time for filing the transcribed testimony. Neither is there an order fixing time for filing a bill of exceptions. Between August 29, 1941—when the decree was rendered—and February 19, 1942—when the clerk certified the record—the November term of court intervened.

In *Floyd* v. *Booker,* 161 Ark. 87, 255 S. W. 288, (chancery case) it was said: "No time having been requested or obtained within which to file the bill of exceptions beyond the term at which the decree was rendered, the judge trying the case could not have approved, signed, and ordered the bill of exceptions to be filed as a part of the record after the adjournment of the court. Under our statute, in order for a bill of exceptions, prepared and filed after adjournment of court, to become a part of the record, it was necessary for a day certain to have been fixed for the filing of same and for the bill to have been approved and signed by the trial judge or agreed upon by the parties, and filed with the clerk within the time allowed by the court. *Watson* v. *Watson,* 53 Ark. 415, 14 S. W. 622; *Stinson* v. *Shafer,* 58 Ark. 110, 23 S. W. 651; *Springfield* v. *Fulk,* 96 Ark. 316, 131 S. W. 694."

There is nothing in Act 12, approved February 2, 1937, negativing the requirement that a bill of exceptions be approved by the judge unless the parties are in agreement. Section three of the Act, after providing that the stenographer shall make copies[1] of the testimony, directs that the original be delivered to the clerk to be inserted in the transcript, ". . . while the third copy shall be

[1] An original and two copies.

kept on file in the clerk's office with the other papers in the case, which copy so filed shall be treated and have the same effect as depositions in the case in the regular manner.''

In *Chaffin* v. *Lee County National Bank,* 151 Ark. 106, 235 S. W. 283, (law case) Act 163 of 1921, providing for an official court stenographer to serve the first judicial district, was construed.

Contention was that the provision for a ribbon copy for the clerk's use ''. . . as a part of the transcript in the supreme court on appeal without the necessity of another copy thereof'' did away with the requirement that bills of exceptions be approved by the judge. In the opinion it is said:

''We think the section quoted has no such purpose as appellants ascribe to it. The purpose of the Act was to permit and require the official stenographer, in transcribing his notes, to make a 'ribbon copy thereof' so that it would not be necessary for the clerk of the court . . . to make a copy of the bill of exceptions as prepared by the stenographer, but to permit the use of the copy made by the stenographer in the transcript. In other words, the necessity of copying the bill of exceptions by the clerk was to be dispensed with. The act was intended only to save labor, and not to deprive the presiding judge of the right and duty to approve the bill of exceptions.''

So, with Act 12 of 1937. Direction that the copy filed with the clerk ''. . . shall be treated as and have the same effect as depositions in the case in the regular manner'' was also intended to prevent duplication of effort.

Neither does § 1493 of Pope's Digest afford relief, as the language is almost identical with the special act.

However, in construing this section in *Harmon* v. *Harmon,* 152 Ark. 129, 237 S. W. 1096, the court held that oral evidence in a chancery case may be made a part of the record (1) by having it taken down in writing in open court ''and by leave filed with the papers in the case,'' (2) by bill of exceptions, or (3) by reducing the testimony to writing and embodying it as a recital in the decree. See *Woodruff* v. *Dickinson,* 199 Ark. 663, 135 S. W. 2d 667.

Verity is the essential sought in testimony. The trial court (except as to a by-standers' bill of exceptions) is the final authority, and approval by the judge of what purports to be transcribed testimony is imperative unless brought into the decree or judgment, or unless the parties are in agreement. This goes only to the testimony covered by the agreement. It does not authorize bills of exceptions to be filed after the term has expired and a new term has intervened, unless time was given when the decree or judgment was rendered, or when the appeal was granted, or there was an agreement to that effect.

The next inquiry is, What is meant by the expression found in § 1493 of Pope's Digest that a stenographer's transcription of oral testimony shall be filed with the clerk "and treated as depositions taken in the regular manner?" Was it intended thereby to substitute a stenographer's certificate for the judge's approval of a bill of exceptions? We do not think so. The parties may agree that a particular person shall "take" the testimony, copy it, and then file with the clerk. Obviously the same procedure was intended to apply to oral testimony taken in open court. If the parties agree that a designated person may take such testimony, transcribe it, and file as depositions, such consent eliminates necessity for subsequent court approval of the stenographer's work if the transcription is filed before a new term of court intervenes in those cases where time is not given, or if filed within the designated period when time is allowed.

The statute does not expressly prescribe the time within which transcribed stenographic notes of testimony must be filed, but by necessary implication the period cannot run beyond the beginning of an intervening term, except by consent. The decree becomes final when the term ends unless jurisdiction has been retained.

In the Harmon case this statement appears: "It cannot be left to the stenographer to make up the record after the term has ended, without the supervision or direction of the chancellor. To allow this might be to substitute an entirely different record on appeal. Nor does the section give the stenographer and chancellor in

vacation the power to make up the record without a bill of exceptions.''

That authentication of the transcript by a court stenographer is unavailing is too well settled to require extended citations. See *Murphy* v. *Citizens' Bank,* 84 Ark. 100, 104 S. W. 187, rehearing denied *Citizens' Bank* v. *Murphy,* 104 S. W. 934; *Blackford* v. *Gibson,* 144 Ark. 240, 222 S. W. 367.

It follows that in the case at bar there is no bill of exceptions. That which purports to be must be disregarded because it has been challenged by appellee on grounds falling within the court's rules. Since no errors appear upon the face of the record, the decree must be affirmed.