CRINER *v.* CRINER.

4-9192                                          233 S. W. 2d 393

MARTIN *v.* DAVIS.

4-9276

Opinion delivered October 16, 1950.

Rehearing denied November 20, 1950.

*Harkness & Friedman, Quinn & Williams, Surrey E. Gilliam, J. Bruce Streett, J. V. Spencer* and *J. V. Spencer, Jr.,* for appellant.

*C. M. Martin, Wilson, Kimpel & Nobles, Keith & Clegg* and *McKay, McKay & Anderson,* for appellee, in case No. 4-9192.

*Wilson, Kimpel & Nobles,* for appellant.

*Surrey E. Gilliam,* for appellee, in case No. 4-9276.

PER CURIAM. The question is whether this Court has power to direct retrial of a cause on petition of those

who would have appealed had they been able to file the record within the time prescribed by law.

On January 17, 1950, Alice Criner and others filed with the Clerk of this Court a certified copy of a Ouachita Chancery Court decree in an action they had brought against John H. Criner and a list of named defendants. The subject-matter was involved in a decision of this Court rendered January 26, 1948, *Criner* v. *Ritchie,* 212 Ark. 815, 208 S. W. 2d 447. In the present action there were 93 plaintiffs, all claiming to be heirs of Reason and Susan Criner, who were mentioned in the cited case.

When the decree was filed there was a petition for *certiorari,* asking that the complete record be brought up. The decree was dated July 28, 1949, but not filed here until five months and twenty days later. In the meantime (January 8, 1950) the official Court Reporter died. He had taken in shorthand all of the testimony. This testimony filled seventeen notebooks with the pages written on each side. A few of the books had been transcribed.

This incomplete bill of exceptions—perhaps less than a third of the entire testimony—was available to the trial Court, and to this Court. Efforts were made to ascertain if some other reporter, or an expert in shorthand writing could decipher the notes, using the transcribed portion as a guide to characters and arbitrary designations the official Reporter—a man of long experience—had adopted. The result of these inquiries was unsatisfactory, hence there was no practicable method of receiving the appeal through extension of time within our rules relating to *certiorari.*

The only alternative would be to direct a retrial of the cause. This, of course, would result in some advantage and some disadvantage to each side on the single issue of retrial because the testimony of particular witnesses could be anticipated and preparation made for rebuttal. This, however, would not control our disposition of the motion if all other conditions suggested the justice of a different course, and if precedent and prac-

tice were not involved, and power to make the order were not highly questionable.

A majority of the Court thinks that the right to have the bill of exceptions approved was lost before the Reporter died.

The trial was in First Division of Ouachita Chancery Court. Terms begin the second Monday in March, July, and November. The decree was rendered during the July term. Time for appeal would have expired January 28, 1950, but for the filing of the decree and the petition for *certiorari* heretofore mentioned. Act 345 of 1941 (patterned after Act 202 of 1927 for the Sixth District) regulates Chancery practice in the First Division of the Seventh District. In the 1927 (Sixth District) measure, it is provided that ''The original copy of said transcribed notes when filed with the clerk of the court, as herein directed, shall be treated as depositions in said cause as fully and completely as if filed within the term of the court.''

This provision is omitted from the 1941 enactment, and its non-inclusion has the effect, generally, of depriving the trial court of power to approve a bill of exceptions at a subsequent term. The situation would be different if the decree by its terms authorized the additional time, or if the Court had a standing order tolling the time. See *Johnson* v. *U. S. Gypsum Co., ante,* p. 264, 229 S. W. 2d 671; *Elvins* v. *Morrow,* 204 Ark. 456, 162 S. W. 2d 892.

In the instant case there was no standing order, and, as has been pointed out, the decree does not give time. For the reasons expressed a majority of the Court are of opinion that time for filing the bill of exceptions expired before the Reporter died. The motion is overruled.

Since there is no record before us, aside from the decree, and there being no apparent error therein, the appeal is dismissed.

The same order applies in Case No. 9276—*Chas. M. Martin* v. *H. A. Davis et al.*