BOWMAN *v.* HALL.

4-9355                                        233 S. W. 2d 628

Opinion delivered November 13, 1950.

*Dinning & Dinning,* for appellant.

*Cracraft & Cracraft,* for appellee.

GEORGE ROSE SMITH, J.  This action was brought by the appellees to enjoin the appellants from repeatedly trespassing upon a 12-foot strip of land to which the appellees asserted title.  By answer and cross-complaint the appellants alleged title in themselves and asked for a similar injunction against the appellees.  After hearing oral testimony the chancellor found for the plaintiffs and entered the decree from which the appeal is taken.

Before the case was reached for submission to this court the appellees filed a motion to strike the bill of exceptions and to affirm the decree for want of error on the face of the record.  The facts relied on to support this motion are almost identical with those presented in *Johnson* v. *United States Gypsum Co., ante,* p. 264, 229 S. W. 2d 671.  There we construed Act 269 of 1949, which establishes the procedure for the preservation of oral testimony in the chancery district in which both these cases arose.  There, as here, the chancellor directed at the beginning of the trial that the testimony be transcribed and filed as depositions.  We held in the

earlier case that under Act 269 this direction was a sufficient reservation of power to approve the reported testimony after the lapse of the term. But there, as here, the chancellor had not actually approved the transcribed testimony within the six months allowed for the taking of an appeal, nor within the additional thirty days allowed by our Rule 5(d) for the filing of transcribed testimony. In reluctantly holding that the proffered testimony had to be stricken we said: ''But the trouble here is that the report of the testimony heard below has not yet been approved by the chancellor, and under our Rule 5(d) the time for filing transcribed testimony has expired. We are therefore unable to take this evidence into account in reaching our decision.''

In the case at bar the same situation exists, except for one additional fact. In the *Johnson* case the chancellor's approval was never obtained. In the present case the decree was entered on March 7, 1950, and the appeal was lodged here in August. After the appellees filed their motion to strike, the appellants submitted the testimony to the chancellor and obtained his approval on October 18—more than six months and thirty days after the entry of the decree. The appellants argue that the two cases are distinguishable, their theory being that the mere filing of the reported testimony is a compliance with Rule 5(d), the chancellor's approval being a formality that may be attended to later.

Our decisions are at variance with this suggestion. The chancellor's examination and approval are not mere formalities; they transform what only purports to be transcribed testimony into an authenticated record on which we may rely. As we said in *Elvins* v. *Morrow*, 204 Ark. 456, 162 S. W. 2d 892: ''The trial court . . . is the final authority, and approval by the judge of what purports to be transcribed testimony is imperative . . .'' There must evidently be a time limit within which appeals to this court must be perfected. Rule 5(d) is explicit in stating that in no event will transcribed testimony filed more than thirty days after the time for appeal be permitted to become a part of the record. The purpose of

this rule is to fix a definite date by which the testimony must be filed in this court. We think the rule manifestly refers to testimony so authenticated as to become a part of the record, and not to purported testimony that must still be taken from our files and submitted to the trial court. The motion to strike must be sustained, and as no error appears on the face of the record the decree is affirmed.